Joseph WILLIAMS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 470/475,2001.

Supreme Court of Delaware.

Submitted: Oct. 8, 2002.
Decided: Dec. 13, 2002.
Amended: April 1, 2003.

See also, 805 A.2d 880.

Joseph M. Bernstein, Esquire, Wilmington, Delaware, for Appellant.

William M. Kelleher, Esquire (argued) and Elizabeth R. McFarlan, Esquire, Deputy Attorneys General, Department of Justice, Wilmington, Delaware, for Appellee.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER and STEELE, Justices, constituting the Court en Banc.

VEASEY, Chief Justice.

In this appeal we consider the application of the statutory language of Delaware's felony murder statute requiring that one of the elements of the crime must be that the homicide is caused by the defendant in furtherance of the felony. The statutory provision in question is Section 636 of the Criminal Code, which provides: "(a) A person is guilty of murder in the first degree when: ... (2)[i]n the course of and *in furtherance of* the commission or attempted commission of a felony or immediate flight therefrom, the person recklessly causes the death of another person."[1] The felony charged here was First Degree Burglary,[2] charging the defendant with entering a dwelling at night

---

1. 11 *Del. C.* § 636(a)(2) (emphasis added).

2. 11 *Del. C.* § 826.

"with intent to commit the crime of murder."

We hold that where a burglary is alleged to be the felony on which the felony murder charge is predicated, the death that occurs must not only be "in the course of" the burglary but also must be "in furtherance of" the burglary. That is, the burglary must have an independent objective that the murder facilitates. Accordingly, if the intent of the burglary was to commit murder, the death that occurred was not "in furtherance of" the burglary—it was the intent of the burglary, as charged in the indictment here. As a result, we reverse on this ground alone the death sentence from which this appeal is taken because the death sentence was predicated solely on the felony murder statute.

Although the parties addressed the constitutionality of the death sentence in light of the United States Supreme Court's recent decision in *Ring v. Arizona*,[3] we need not reach that issue in view of our reversal of the death sentence based on statutory interpretation of the Delaware felony murder statute. As a result of defendant's conviction on other homicide charges, we remand to the Superior Court for resentencing.

### Facts

On June 16, 1996, appellant, Joseph Williams shot and killed his girlfriend, Virginia Mason, at the home of her co-worker, Rosetta Charles. Mason was residing at the home of Charles and her family as a result of a dispute that occurred between her and Williams two days before her death. During the argument Williams threatened to beat Mason, and Mason called the police. By the time the police arrived at the home Williams and Mason shared, Williams had already left. The police did, however, find two weapons on the premises.

The day after the argument Mason gathered her three children and took them to stay with relatives in New Jersey. She then went to stay at Charles' home.

The following day, June 16, the day of the incident in question, Mason, along with Charles and her family, were gathered in Charles' living room watching television and listening to music. Suddenly, a man wearing a mask entered the room, grabbed Mason's arm and ordered her to leave with him. Mason responded, "No, Eb." According to Charles, when Mason refused to go with him, "Eb" produced a gun and shot Mason in the leg. As she was falling he shot her again, this time in the neck, fatally wounding her. "Eb" then fled out the front door.

Immediately thereafter Charles called the police and told them "Eb" had shot Mason. Charles had met Williams on at least one prior occasion and she knew that Mason referred to Williams as "Eb." During the course of the investigation, Mason was shown a photo line-up and identified Williams as the shooter.

Williams fled the scene and was arrested two years later in New Jersey. When asked if he knew there were warrants out for him in Delaware, he stated he knew about a homicide warrant and that he was "slipping and dipping and trying to avoid them."

Williams was charged with intentional murder, felony murder, first degree burglary, and possession of a firearm during the commission of a felony. The jury returned a guilty verdict on all four counts. This resulted in a jury finding of felony murder, among other findings. As a result of the murder convictions Williams was subject to the death penalty. During the penalty phase the State alleged two statutory aggravating factors: (1) the mur-

---

**3.** *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

der occurred during the commission of a burglary, and (2) Mason was killed in retaliation for calling the police during the argument.

Applying the felony murder rule for purposes of the death penalty, the trial court instructed the jury that it must find that the felony murder aggravator had been established.[4] Accordingly, the jury unanimously found the first aggravating factor (felony murder). The jury found the second aggravating factor (retaliation for calling police) by a vote of 10–2. The judge found the existence of the first factor but concluded that the evidence did not support the second factor. The judge then weighed the aggravating and mitigating factors and sentenced Williams to death.

### Issues on Appeal

Williams claims on appeal several reasons for vacating his sentence as a matter of law. He first argues that his felony murder conviction should merge into the other convictions. Second, he contends that the evidence does not prove the elements of the crime of felony murder as provided in the statute. He also asserts that the death sentence is unconstitutional under *Ring v. Arizona*.[5] We reject

Williams' first claim and sustain his second. As a result we must overrule a portion of our prior decision in *Chao v. State*.[6] We do not reach the *Ring v. Arizona* issue.

### Merger

■ Williams first argues that his conviction for felony murder should merge into his convictions for burglary and intentional murder. Essentially this argument amounts to a claim that his convictions violate the prohibition against multiple punishments for the same offense as outlined in the United States Constitution.[7] We review such a claim de novo.[8]

We note from the outset that Williams does not dispute his convictions for intentional murder and burglary. Rather, he contends that the doctrine of merger of offenses must be applied here because it is illogical to allow for a conviction of felony murder in addition to convictions for burglary and intentional murder. He argues that the commentary that led up to the Delaware burglary statutes supports his assertion that the burglary statutes were not intended to permit a conviction of felony murder in addition to convictions for burglary and first degree murder.[9]

4. Title 11, Section 4209(e)(1)(j) provides in pertinent part,
 In order for a sentence of death to be imposed, the judge must find that the evidence established beyond a reasonable doubt the existence of at least 1 of the following aggravating circumstances which shall apply with equal force to accomplices convicted of such murder: ... (j) The murder was committed while the defendant was engaged in the commission of, or attempt to commit, or flight after committing or attempting to commit any degree of rape, unlawful sexual intercourse, arson, kidnapping, robbery, sodomy or burglary.
 Title 11, Section 4209(e)(2) states in pertinent part, "In any case where the defendant has been convicted of murder in the first degree in violation of any provision of § 636(a)(2)-(7) of this title, that conviction

shall establish the existence of a statutory aggravating circumstance and the jury, or judge where appropriate, shall be so instructed."

5. *Ring,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556.

6. *Chao v. State,* 604 A.2d 1351 (Del.1992).

7. *Steckel v. State,* 711 A.2d 5, 12 (Del.1998); U.S. Const. amend. V; Del. Const. art. I, § 8.

8. *Chao,* 604 A.2d at 1360 n. 7.

9. The commentary states:
 This section is not a weapon to be used against unlawful entry for the purpose of committing a more serious crime, because

The doctrine of merger of offenses implicates the common law rule that if the same criminal act results in both a misdemeanor and a felony, the misdemeanor merges into the felony.[10] The corollary to this rule is that a felony does not merge into another felony. The modern test of whether one criminal offense merges into another ignores the felony/misdemeanor distinction and instead asks whether one offense necessarily involves the other. Accordingly, we must examine whether one criminal act is an integral part of the other.[11]

This Court had an opportunity to consider a similar claim in *Steckel v. State.*[12] In *Steckel* the appellant intentionally set a fire to kill his victim. He was subsequently charged with intentional murder, felony murder, and other charges.[13] Steckel argued that the trial court erred in failing to merge his convictions for intentional murder and felony murder because the purpose of the fire was to take his victim's life.[14] He claimed that all similar offenses should merge upon conviction and require the imposition of only one sentence. This Court ruled against Steckel's claim and did not merge the convictions based on another decided case, *Chao v. State.*[15]

In *Chao* the appellant made the same contention Steckel made and Williams now

the expanded law of attempt, stated in §§ 531–32, is more than adequate to handle such cases and provides a result more in accordance with popular understanding of the meaning of burglary. Thus a person who enters a building unlawfully with intent to commit rape therein ideally should be indicted for attempted rape and not for burglary. Section 827 would, however, permit an indictment for both attempted rape and burglary.
*Del.Crim.Code with Commentary,* Section 824 (1973).

10. *State v. Honie,* 310 A.2d 872, 873 (Del. 1973).

11. *Id.*

claims. She argued that her convictions for felony murder and intentional murder violated constitutional prohibitions against double jeopardy.[16] We denied Chao's claim, finding three significant factors: (1) multiple convictions for a single death are constitutionally permissible; (2) the General Assembly intended such conviction and sentencing schemes; and (3) multiple convictions serve the purpose of assuring punishment in the event that one of the multiple convictions is later invalidated.[17]

As in *Steckel,* Williams fails to demonstrate that this holding of *Chao* is no longer good law. Therefore, the principles of stare decisis prevail, and Williams' argument for merging his felony murder conviction fails.

### Felony Murder

Williams next contends that his conviction for felony murder should be vacated because the evidence fails to show the murder he committed was "in furtherance of" the underlying felony as the language of the statute requires. We review this claim to determine whether a rational trier of fact could find, beyond a reasonable doubt, the existence of every element of the offense of felony murder.[18] The evidence is viewed in the light most favorable to the State.[19]

12. *Steckel,* 711 A.2d at 8.

13. *Id.*

14. *Id.* at 12.

15. *Id.*

16. *Chao,* 604 A.2d at 1360.

17. *Steckel,* 711 A.2d at 12 citing *Chao,* 604 A.2d at 1361 n. 10.

18. *Riley v. State,* 496 A.2d 997, 1020 (Del. 1985).

19. *Id.*

Section 636(a)(2) of the Delaware Criminal Code states: "A person is guilty of murder in the first degree when ... [i]n the course of and in furtherance of the commission or attempted commission of a felony ..., the person recklessly causes the death of another person."[20] This Court has previously interpreted the meaning of the "in furtherance of" language in the felony murder statute, but there remains some confusion regarding the state of the law.[21]

In *Weick v. State*, we held that the felony murder statute does not encompass all homicides.[22] In explaining our holding we concluded:

> The mere coincidence of homicide and felony is not enough to satisfy the requirements of the felony murder doctrine. *It is necessary ... to show that the conduct causing death was done in furtherance of the design to commit the felony. Death must be a consequence of the felony ... and not merely coincidence.*[23]

This Court subsequently overturned Weick's sentence upon his felony murder conviction where he and others entered the victim's house armed with shotguns and one of his cohorts was shot and killed by the victim.[24]

Twelve years after *Weick* we decided *Chao v. State.*[25] In *Chao* the defendant was convicted of intentional murder, felony murder, arson and other related offenses.[26] Chao argued, inter alia, that since she intended to kill her victim by setting their house on fire, no rational juror could infer that the murders were caused in furtherance of the commission of arson. Rather, arson was the means for carrying out the killing.[27] This Court disagreed and held: "[F]or felony murder liability to attach, a killing need only accompany the commission of an underlying felony. Thus, if the 'in furtherance' language has any limiting effect, it is solely to require that the killing be done by the felon, him or herself."[28] We then cited *Weick* as support without overruling that portion of *Weick* requiring that death be a consequence of the felony and not a coincidence of it.[29]

In *Weick* this Court noted the limitations placed on the scope of the felony murder rule, including the restriction that there be a causal connection between the felony and the murder.[30] An additional restriction was that the felon, or his accomplices, if any, perform the actual killing.[31] Thus, the fact of a causal connection

---

**20.** 11 *Del. C.* § 636(a)(2).

**21.** See *State v. Hayes*, 1993 WL 54558, at *4 (Del.Super.Ct.1993) (noting, "It is difficult to reconcile two ... cases which construe the meaning of [the "in furtherance of"] phrase in the statute.").

**22.** *Weick v. State*, 420 A.2d 159, 163 (Del. 1980).

**23.** *Id.* quoting *Commonwealth v. Redline*, 391 Pa. 486, 137 A.2d 472, 476 (Pa.1958) (emphasis added).

**24.** Weick was convicted under section 635(2), the second degree felony murder statute. The statutory language of sections 635(2) and 636(a)(2), however, contain the same "in the course of" and "in furtherance of" language.

**25.** *Chao*, 604 A.2d at 1363.

**26.** *Id.* at 1352.

**27.** *Id.* at 1362–63.

**28.** *Id.* at 1363. The Court in reaching its conclusion discusses the culpability of "criminal negligence" as found in the section 636(a)(6) language. However, the Court specifically states that its holding applies to the "in furtherance of" language "as used throughout §§ 636 and 635." *Id.*

**29.** *Id.*

**30.** *Weick*, 420 A.2d at 162.

**31.** *Id.*

and the fact of the identity of the performer were two separate restrictions. The defendant in *Chao* was arguing a restriction based on the former. Although this Court ruled against Chao's claim because she was the actual killer, we did not expressly overturn the causal connection limitation mentioned in *Weick*. The question then remains whether the felony murder rule still includes a restriction that there be a causal connection between the felony and the murder in that the murder must be not only "in the course of" but also "in furtherance of" the felony.

■ In *Industrial Rentals, Inc. v. New Castle County Board of Adjustment* we stated the fundamental rule of statutory construction that all statutes must be read as a whole and all words must be given effect.[32] Furthermore, any interpretation of a statute must give full effect to all of the pertinent statutory language and produce the most consistent, harmonious result.[33]

■ As noted, the statute here provides, as an element of murder in the first degree, that the person recklessly causes the death of another person "[i]n the course of and in furtherance of the commission or attempted commission of a felony."[34] The requirements of "in the course of" and "in furtherance of" are separated by the conjunctive "and." In its commonly accepted meaning " 'and' is a connective, and is not generally used to express an alternative— unless it is followed by words which clearly indicate that intent."[35]

■ Webster's Dictionary gives two different meanings to the words "in course" and "furtherance." "In course" is defined as, "in turn," "in regular succession," "in the usual or natural order."[36] "Furtherance," on the other hand, means "a helping forward."[37] These two phrases, separated by the conjunctive "and," give the sense the statute requires both that the murder occur during the felony and that the murder occur to help move the felony forward. Therefore, felony murder cannot attach unless the murder is a consequence of the felony and is intended to help the felony progress.

A case similar to Williams' casts light on the nature of his argument. In *Parker v. State*, the Supreme Court of Arkansas addressed the case of William Parker whom a jury convicted of capital felony murder for causing the deaths of James and Sandra Warren in the course of and in furtherance of a burglary.[38] The State's proof showed that Parker first attempted to kill his victims outside of their home but, at some point, one of the victims fled into the house. Parker followed James into the house and killed him along with his wife, but he entered the home for the sole purpose of committing the murders.[39] The entry was a burglary because Parker unlawfully entered with the intent to commit the offense. The Arkansas Supreme Court on appeal, however, found that the murders did not meet the requirements of the felony murder statute.[40]

---

32. *Industrial Rentals, Inc. v. New Castle County Board of Adjustment,* 776 A.2d 528, 530 (Del.2001).

33. *Nationwide Insurance Co. v. Graham,* 451 A.2d 832, 834 (Del.1982).

34. 11 *Del. C.* § 636(a)(2).

35. *State v. Klosowski,* 310 A.2d 656, 657 (Del.Super.Ct.1973).

36. WEBSTER'S THIRD NEW INTERNATIONAL DICT. 522 (8th ed.2002).

37. *Id.* at 924.

38. *Parker v. State,* 292 Ark. 421, 731 S.W.2d 756, 758 (1987).

39. *Id.*

40. *Id.* at 759.

The Arkansas statute at issue in *Parker* is very similar to Delaware's felony murder statute. It states:

A person commits capital murder if: ... he attempts to commit rape, kidnapping, arson, vehicular piracy, robbery, burglary, or escape in the first degree, and *in the course of and in furtherance of the felony*, or in immediate flight therefrom, he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life.[41]

In overturning Parker's felony murder conviction, the Arkansas court found that the phrase "in the course of and in furtherance of the felony" had meaning only if the burglary had an independent objective that the murder facilitates.[42] Thus the language requires that the murder be committed to facilitate the carrying out of the burglary. After reviewing the facts of Parker's case, the court overturned the felony murder conviction reasoning that Parker's burglary and murder had the same objective and that "the burglary was actually no more than one step toward the commission of the murder ...."[43]

 In our view, the statutory language of the Delaware felony murder statute not only requires that the murder occur during the course of the felony but also that the murder occur to facilitate commission of the felony. To the extent that the *Chao* opinion states that the "in furtherance of" language of the statute addresses solely the identity of the person who is committing the actual killing,[44] it is over-

ruled. Accordingly, we adhere to the holding of *Weick* and hold that the felony murder language requires not only that the defendant, or his accomplices, if any, commit the killing but also that the murder helps to move the felony forward.[45]

 Williams burglarized the Charles home with the intent of murdering Mason. The murder was not committed to carry out the commission of the burglary. Had his purpose been to steal jewelry and Mason was killed to facilitate his thievery, a case for felony murder would exist. Here, however, the sole purpose of the burglary was to murder his victim. It just so happened she was in a place he was not permitted to enter. Thus the murder, although "in the course of" the burglary, was not carried out "in furtherance of" it.

Williams' death sentence for the felony murder conviction must be vacated. The jury could not have found, beyond a reasonable doubt, that the murder of Mason was "in furtherance of" the burglary of the Charles home.

As a result of his felony murder and intentional murder convictions, Williams faced the death penalty. During the penalty hearing the State alleged two statutory aggravating factors: (1) the murder occurred while the defendant engaged in the commission of a burglary, and (2) the killing was in retaliation for the victim's providing information to the police concerning criminal activity. We review the imposition of the death penalty to determine whether the evidence supports the

---

41. *Id.* at 758 (emphasis in original) citing ARK. STAT. ANN. § 41–1501(1)(a).

42. *Id.* at 759.

43. *Id.*

44. We do, however, hold that felony murder requires that the defendant, or his accomplices, if any, actually perform the killing.

45. *Weick,* 420 A.2d at 162. The Court adheres to prior case law that holds a defendant liable for a murder committed by an accomplice where the murder was a " 'foreseeable consequence of the underlying felonious conduct" ' and the defendant " 'intended to promote or facilitate the principal's conduct constituting the offense." ' *Martin v. State,* 433 A.2d 1025, 1029 (Del.1981) quoting *Hooks v. State,* 416 A.2d 189, 197 (Del.1980).

court's finding of a statutory aggravating factor.[46]

 At the hearing, the court instructed the jury that they were required to find the existence of the first factor as a matter of law because of the felony murder conviction.[47] Thus the jury, as instructed, found the State proved the first factor by a vote of 12–0. The judge was also bound by this finding.[48] Our ruling today that the court erred in convicting Williams of felony murder necessitates the conclusion that the mandatory finding of this fact by the jury was invalid as a matter of statutory law. As a result, in order for the penalty of death to stand, another statutory aggravating factor has to exist.

The second statutory aggravating factor the jury found was that Williams killed Mason in retaliation for her calling the police after their argument. The trial judge, however, ruled that the State did not meet its burden of proof with respect to this factor.[49] Thus, this factor was not properly proven by the State as required by the statute.

### Conclusion

The State failed to prove any of the statutory aggravating factors. Accordingly, the imposition of the death sentence was invalid as a matter of law.[50] We reverse the sentence of the trial court and remand with direction that the court impose upon Williams a sentence of natural life without the possibility of parole on the other homicide conviction for intentional murder.

---

**46.** 11 *Del. C.* § 4209(g)(2)(b).

**47.** 11 *Del. C.* § 4209(e)(2).

**48.** *Id.*

**49.** *State v. Williams,* ID No. 9809018249, at 3 (Del.Super.Ct.2001).

**50.** 11 *Del. C.* § 4209(e).