Rondell D. TAYLOR, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 460,2003.

Supreme Court of Delaware.

Submitted: March 18, 2004.
Decided: May 12, 2004.

Todd E. Conner, Office of the Public Defender, Wilmington, DE, for appellant.

Timothy J. Donovan, Department of Justice, Wilmington, DE, for appellee.

Before HOLLAND, BERGER and JACOBS, Justices.

HOLLAND, Justice:

The defendant-appellant, Rondell D. Taylor, was found guilty by a Superior Court jury of Aggravated Menacing, Possession of a Deadly Weapon by a Person Prohibited, Terroristic Threatening, two counts of Endangering the Welfare of a Child, and Possession of a Firearm During the Commission of a Felony. He was sentenced to a total of ten years incarceration at Level V, to be suspended after five years for probation. This is Taylor's direct appeal of his convictions and sentences.

### Motion to Withdraw

Taylor's trial counsel has filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that arguably could support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

Taylor's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Taylor's counsel informed Taylor of the provisions of Rule 26(c) and provided him with a copy of

---

1. *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

the motion to withdraw, the accompanying brief and the complete trial transcript. Taylor also was informed of his right to supplement his attorney's presentation. Taylor responded with a brief that raises nine issues for this Court's consideration.

### Motion to Affirm

The State has responded to the position taken by Taylor's counsel. In addition, the State has responded to all of the issues raised by Taylor. The State has moved to affirm the Superior Court's judgments of conviction.

### Taylor's Issues

Taylor raises several issues for this Court's consideration, which may fairly be summarized as follows: a) the prosecutor improperly interrupted the direct examination of the victim's seven year-old stepson to present other testimony; b) the investigating officer was improperly permitted to remain in the courtroom during the entire trial; c) there was conflicting testimony concerning when the crime was committed; d) the trial judge improperly ruled that the victim's three prior convictions of second degree unlawful sexual contact would not be admitted into evidence; e) the trial judge improperly ruled that the victim's seven year-old stepson was competent to testify; and f) the victim's in-court identification of him as the perpetrator should not have been admitted into evidence. With the exception of the claim that the victim's prior sexual assault convictions should have been admitted, Taylor's claims have been presented for the first time in this appeal and, therefore, will be reviewed for plain error.[2]

### Facts

The testimony at trial was that, in the evening of November 13, 2003, James Cooper and his neighbor, Harvena Taylor, had an argument concerning some trash at their apartment building. Harvena Taylor was defendant Taylor's mother. Several minutes after the argument, Cooper heard a knock on his door. He went to the door with his infant daughter in his arms and his young stepson, Daquan Harris, at his side.

As Cooper opened the door, he saw defendant Taylor standing outside. Taylor pulled out a gun and pointed it at Cooper's head. Cooper told his stepson to take the infant and move out of the way. Taylor continued to hold the gun to Cooper's head and repeatedly threatened him for "disrespecting" his mother. Both Cooper and his stepson testified for the State. Cooper made an in-court identification of Taylor as the perpetrator.

The defense presented the testimony of Katia Moody and Katia's brother, Tyrone. Katia and Tyrone testified that, on the date of the crime, Taylor spent the entire evening with them in Katia's apartment and spent the night there. The State presented Amber Harris, Cooper's fiancée, as a rebuttal witness. She testified that Katia had come to her apartment several weeks after the incident and asked her to testify in court that Taylor was not the perpetrator. She also stated that Katia told her that, on the date of the incident, Taylor spent the evening playing video games with his uncle.

### Prior Statement Properly Presented

 Taylor first claims that the prosecutor improperly interrupted the direct

---

**2.** *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.1986) (an error is "plain" if it is "so prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process").

testimony of Daquan Harris in order to present testimony from Officer Dean Snyder, the investigating officer, concerning Daquan's out-of court statement. The voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value.[3] The statement must be offered into evidence no later than at the conclusion of the direct examination of the declarant.[4]

In this case, the direct examination of Daquan Harris was interrupted temporarily so that the investigating officer could testify concerning the circumstances under which Harris' out-of-court statement was secured. The prosecutor followed the proper procedure in introducing the out-of-court statement. We find no error, plain or otherwise, in connection with this claim.

### Witness Sequestration

 Taylor next claims that Officer Snyder should have been sequestered during the trial. Whether or not witnesses will be excluded from the trial proceedings lies within the discretion of the trial court.[5] This Court has ruled that the chief investigating officer for the prosecution in a criminal case is exempted from sequestration as "an officer or employee of a party which is not a natural person designated as its representative by its attorney."[6] Thus, absent other reasons for sequestration, the chief investigating officer may not be excluded from the trial even if he is scheduled to testify.[7] We find no error, plain or otherwise, in connection with this claim.

### Time of Incident

As for Taylor's claim that Cooper and Officer Snyder did not agree on the time the incident occurred, we do not find that the record clearly supports that claim. Even assuming there was a conflict in the testimony concerning the time of the incident, any such conflict was for the jury to resolve.[8] We find no error, plain or otherwise, in connection with this claim.

### Witness' Prior Convictions

 Taylor next claims that the trial judge improperly excluded evidence of Cooper's three prior convictions of unlawful sexual assault.[9] Although crimes involving dishonesty or false statement, whether felony or misdemeanor, are admissible as bearing directly on a witness' credibility,[10] felony convictions not involving dishonesty or false statement are admissible only if the trial court, in the exercise of its discretion, concludes that the probative value of the evidence outweighs its prejudicial effect.[11] Here, the trial judge determined that the prejudicial effect of the evidence regarding Cooper's prior sexual assault convictions outweighed its probative value and excluded it. We find no error or abuse of discretion on the part of the Superior Court in so doing.

---

3. Del.Code Ann. tit. 11, § 3507(a) (2001).

4. *Smith v. State*, 669 A.2d 1, 8 (Del.1995).

5. D.R.E. 615.

6. D.R.E. 615(2); *Hamann v. State*, 565 A.2d 924, 929–30 (Del.1989).

7. *Hamann v. State*, 565 A.2d at 930.

8. *Chao v. State*, 604 A.2d 1351, 1363 (Del. 1992) *overruled on other grounds by Williams v. State*, 818 A.2d 906 (Del.2002).

9. The record reflects that Cooper's prior conviction of misdemeanor shoplifting was admitted into evidence.

10. D.R.E. 609(a)(2).

11. D.R.E. 609(a)(1).

### Child's Testimony Proper

■ Taylor also claims that the Superior Court abused its discretion by permitting seven year-old Daquan Harris to testify. The record reflects that, prior to the testimony, the trial judge conducted a voir dire examination of Daquan, who stated that he knew the difference between a lie and the truth and promised that he would tell the truth. This was the proper procedure for determining Daquan's competence to testify.[12] We find no error, plain or otherwise, in connection with this claim.

### Identification at Trial

■ Taylor's final claim is that Cooper's in-court identification of him as the perpetrator was improper because Cooper had never previously so identified him. Whether an in-court identification is permitted is a matter of the trial judge's discretion.[13] In this case, because Cooper had been confronted and berated at length by the perpetrator at gun point, the Superior Court properly permitted Cooper's in-court identification of Taylor as the perpetrator. We find no error, plain or otherwise, in connection with this claim.

### Conclusion

This Court has reviewed the record carefully. We have concluded that Taylor's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Taylor's counsel has made a conscientious effort to examine the record and has properly determined that Taylor could not raise a meritorious claim in this appeal.

The State's motion to affirm is granted. The judgments of the Superior Court are affirmed. The motion to withdraw is moot.

---

**12.** *Ricketts v. State*, 488 A.2d 856, 857–58 (Del.1985).

**13.** *Parson v. State*, 1990 WL 17767 (Del. Feb. 5, 1990).