RORY BROKENBROUGH, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
Consolidated No. 614, 2007, No. 262, 2008.
Supreme Court of Delaware.
Submitted: August 27, 2008.
Decided: November 25, 2008.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 25th day of November 2008, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:
(1) The appellant, Rory Brokenbrough, filed these appeals from the Superior Court's decisions denying his motion for postconviction relief, amended motion for postconviction relief and other related motions.[1] By Order dated June 16, 2008, the appeals were consolidated. The State of Delaware has filed a motion to affirm the Superior Court judgments on the ground that it is manifest on the face of Brokenbrough's opening brief that the appeals are without merit.[2] We agree and affirm.
(2) In 2005, a Superior Court jury convicted Brokenbrough of Assault in the First Degree, Assault in the Third Degree, Attempted Robbery in the First Degree and Conspiracy in the Third Degree.[3] On direct appeal, this Court affirmed Brokenbrough's convictions.[4]
(3) Brokenbrough filed his motion for postconviction relief in April 2007 and his related amendments and motions in May, October, and November 2007. The Superior Court directed that Brokenbrough`s defense counsel file a response to allegations of ineffective of counsel. Also, the State filed responses to the postconviction motion and related motions.
(4) The postconviction claims raised in Brokenbrough's various motions and amendments can be fairly summarized as follows: (a) his conviction for third degree assault as a lesser offense of first degree robbery violated due process; (b) his conviction for first degree assault was defective under Williams v. State;[5] and (c) his counsel was ineffective.[6] The Superior Court denied all of Brokenbrough's claims.[7]
(5) In his opening brief on appeal, Brokenbrough raises three allegations of ineffective assistance of counsel, only two of which he raised in the postconviction proceedings. Brokenbrough's third claim, i.e., that his counsel was ineffective for failing to properly cross-examine the wife of one of the victims, was not raised in any of his postconviction applications and was not considered by the Superior Court.
(6) A claim that is not fairly presented in the trial court, such as Brokenbrough's claim challenging his counsel's cross-examination of the wife of one of the victims, is not considered by this Court unless the interests of justice require otherwise.[8] Conversely, claims that are raised in the trial court but not pursued on appeal, namely all but two of Brokenbrough's postconviction claims, are deemed waived and abandoned and are not addressed by this Court.[9]
(7) In the two claims that are offered for appellate review, Brokenbrough alleges, first, that his counsel did not make efforts to obtain relevant discovery related to a victim's injuries. Second, Brokenbrough alleges that his counsel allowed an improper amendment of the indictment. To prevail on his claims, Brokenbrough must meet the two-pronged Strickland test by showing that his counsel performed at a level below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defense.[10]
(8) The Superior Court determined, and we agree, that neither allegation of ineffective counsel is supported by the record. The record reflects that Brokenbrough's counsel obtained sufficient medical records. It is mere speculation that there exists anything further that would have been of assistance in Brokenbrough's case. Second, although Brokenbrough alleges that his counsel allowed an improper amendment of the indictment, in reality his counsel consented to the jury being given an assault third degree instruction as a lesser offense of the indicted first degree robbery charge. The Superior Court determined, and we agree, that Brokenbrough was not prejudiced but benefited from the assault third degree instruction because there was sufficient evidence to warrant his conviction for the greater offense of first degree robbery. Finally, we have determined that the interests of justice do not require us to address Brokenbrough's claim that his counsel was ineffective for failing to properly cross-examine the wife of one of the victims.
(9) After careful consideration of Brokenbrough's opening brief and the State's motion to affirm, we have concluded that the Superior Court's judgments should be affirmed on the basis of the Superior Court's well-reasoned decisions dated October 30, 2007 and April 30, 2008.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgments of the Superior Court are AFFIRMED.
NOTES
[1] The Superior Court issued two decisions. The first decision, which issued on October 30, 2007, denied Brokenbrough's motion for postconviction relief. Brokenbrough's appeal from that decision was assigned No. 614, 2007. The Court remanded the appeal to the Superior Court to address and rule upon related motions and amendments that were filed by Brokenbrough just prior to the issuance of the October 30 decision. By order dated April 30, 2008, the Superior Court denied relief on the additional claims. Brokenbrough's appeal from that decision was assigned No. 262, 2008.
[2] Del. Supr. Ct. R. 25(a).
[3] The charges arose from two separate assaults occurring over the course of two days involving two different victims.
[4] Brokenbrough v. State, 2006 WL 954235 (Del. Supr.).
[5] See Williams v. State, 818 A.2d 906 (Del. 2002) (defining phrase "in furtherance of" as used in statute defining felony murder).
[6] Brokenbrough alleged that his counsel (i) failed to properly obtain discovery, (ii) failed to file a suppression motion, (iii) conducted deficient cross-examination of witnesses, (iv) failed to obtain certain medical records of one of the victims, (v) failed to obtain sufficient discovery that might have convinced Brokenbrough to enter a guilty plea, (vi) misspoke in opening statement regarding the charges, (vii) failed to request a motion for judgment of acquittal as to the robbery and attempted robbery charges, and (viii) failed to make a claim under Brady v. Maryland, 373 U.S. 83 (1963). (A Brady violation occurs when the prosecutor fails to disclose evidence that is material to the guilt or punishment of the defendant.)
[7] State v. Brokenbrough, 2007 WL 3287938 (Del. Super.); State v. Brokenbrough, 2008 WL 1891705 (Del. Super.).
[8] Del. Supr. Ct. R. 8.
[9] Somerville v. State, 703 A.2d 629, 631 (Del. 1997) (citing Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993)).
[10] Strickland v. Washington, 466 U.S. 668, 687-88 (1984).