IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SEAN A. DUPREE, | § | |
| | § | |
| Defendant Below, | § | No. 234, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0303015975A (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 10, 2018
Decided: July 5, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 5th day of July 2018, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Sean A. Dupree, filed this appeal from the Superior Court's denial of his motion for correction of sentence under Superior Court Criminal Rule 35(a). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Dupree's opening brief that his appeal is without merit. We agree and affirm.

(2) On March 25, 2004 a Superior Court jury found Dupree guilty of multiple crimes, including Burglary in the Second Degree and Theft. After granting the State's motion to declare Dupree a habitual offender, the Superior Court

sentenced Dupree to sixty-five years and three months of Level V incarceration, suspended after fifty-six years and three months for Level III probation. On direct appeal, this Court affirmed the Superior Court's judgment.[1] The Superior Court subsequently denied Dupree's first motion for postconviction relief under Superior Court Criminal Rule 61.[2]

(3) On March 29, 2018, Dupree filed a motion for correction of sentence. Dupree alleged that his sentence was illegal because it exceeded statutory limits, violated double jeopardy, was ambiguous with respect to the time and manner in which it was to be served, was internally contradictory, omitted a term required to be imposed by statute, was uncertain as to the substance of the sentence, and was a sentence which the judgment of conviction did not authorize.[3] Dupree also argued that the indictment was defective because it did not include the language required by *Williams v. State*.[4] The Superior Court denied the motion, holding allegations of constitutional violations must be raised on appeal or under Superior Court Criminal Rule 61. This appeal followed.

(4) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[5]

---

[1] *Dupree v. State*, 2005 WL 873313 (Del. Apr. 12, 2005).
[2] *In re Dupree*, 2005 WL 1953080 (Del. Super. Ct. July 25, 2005).
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[4] 818 A.2d 906 (Del. 2002).
[5] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

The Superior Court did not err in denying Dupree's motion for correction of illegal sentence. Dupree's challenge to his indictment is outside the limited scope of Rule 35(a).[6] His remaining claims are conclusory and unsupported by any arguments or facts.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[6] *Brittingham*, 705 A.2d at 578 (holding narrow purpose of Rule 35(a) is correcting an illegal sentence, not re-examining errors in pre-sentence proceedings). We note that Dupree's reliance on *Williams*, in which this Court interpreted the Delaware felony murder statute, to argue that his indictment was defective as to the burglary and theft charges is misplaced.

3