# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
         Plaintiff, )
)
v. )
)   Cr. ID No. 9612002650
)
MARK A. KIRK, )
)
         Defendant. )

Submitted: July 1, 2019
Amended: August 13, 2019
Decided: November 27, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF (SIXTH) SHOULD BE SUMMARILY DISMISSED

Ann Marie Puit, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Mark A. Kirk, James T. Vaugh Correctional Center, Smyrna, DE, *pro se.*

SALOMONE, Commissioner

This 27th day of November 2019, upon consideration of Defendant's sixth Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1.      On October 23, 1997, following a Superior Court bench trial, Defendant Mark A. Kirk was found guilty of three (3) counts of Murder in the First Degree (Felony Murder), two (2) counts of Assault in the First Degree, one (1) count of Assault in the Third Degree and one (1) count of Arson in the Third Degree. These charges stemmed from an incident that occurred on December 3, 1996. After an argument with his girlfriend, Kirk poured rum on a lite stove burner in her apartment causing a fire in the building that resulted in the death of a man and his two children as well as serious injuries to other individuals. The Superior Court sentenced Kirk to three terms of life imprisonment on the Felony Murder convictions, plus a total of 23 years of Level V incarceration on the remaining convictions.

2.      The Delaware Supreme Court affirmed Kirk's conviction and sentence on direct appeal.[1]

3.      On February 4, 2000, Kirk filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61") seeking an evidentiary hearing and a new trial. That postconviction relief motion raised three grounds for relief including (i) ineffective assistance of counsel, (ii) falsified evidence and (iii)

---

[1] *Kirk v. State*, 734 A.2d 159 (TABLE) (Del. 1999).

1

unconstitutional admission into evidence of Kirk's statements to police.[2] The Superior Court denied the motion on May 23, 2000.[3] The Delaware Supreme Court affirmed the denial of Kirk's first Rule 61 postconviction relief motion on October 16, 2000.[4]

4.     On May 1, 2001, Kirk filed a second Rule 61 motion for postconviction relief. That motion raised two grounds for relief. Specifically, that (i) "no rational trier of fact could have found the essential element[s] of arson beyond a reasonable doubt," and therefore the conviction was a violation of Kirk's due process rights, and (ii) the indictment charging him with Arson in the First Degree did not properly state the elements of the crime and therefore could not support a conviction for Arson in the Third Degree (a lesser included offense). On June 25, 2001, the Superior Court summarily dismissed Kirk's second Rule 61 motion finding that the claims raised were procedurally barred under Rule 61 because they could have (and should have) been raised in his first Rule 61 motion.[5] The Delaware Supreme Court affirmed the denial of Kirk's second Rule 61 motion for postconviction relief on February 12, 2002.[6]

---

[2] *State v. Kirk,* 2000 WL 1211214 (Del. Super. Ct.).
[3] *Id.*
[4] *Kirk v. State,* 763 A.2d 91(TABLE) (Del. 2000).
[5] *State v. Kirk,* 2001 WL 755942 (Del. Super. Ct.).
[6] *Kirk v. State,*793 A.2d 1249 (Table) (Del. 2002).

5.    On May 7, 2002, Kirk filed a federal petition for writ of habeas corpus raising, among other things, certain Fifth Amendment violations and ineffective assistance of counsel claims. On January 30, 2003, the United States District Court for the District of Delaware denied Kirk's habeas petition finding that, among other things, (i) Kirk did not make clear and unambiguous requests to the police to cease their interview with him, (ii) Kirk's confession was voluntary under the totality of the circumstances, and (iii) Kirk's claims of ineffective assistance of counsel were deemed exhausted, procedurally defaulted and/or did not constitute ineffective assistance of counsel.[7] On March 1, 2003 and March 19, 2003, respectively, Kirk filed a Notice of Appeal of the District Court decision and a Motion for Certificate of Appealability with the United States Court of Appeals for the Third Circuit. Kirk's motion for Certificate of Appealability was denied on July 21, 2003.

6.    While his appeal to the United States Court of Appeals for the Third Circuit was still pending, Kirk filed a third Rule 61 motion for postconviction relief with the Superior Court on April 9, 2003. In his third Rule 61 motion, Kirk asserted that some of his convictions should be vacated based on the Delaware Supreme Court decision in *Williams v. State*.[8] The *Williams* decision redefined the phrase "in furtherance of" with respect to Delaware's felony murder statute and holds that

---

[7] *Kirk v. Carroll*, 243 F. Supp.2d 125 (D. Del. 2003).
[8] *Williams v. State*, 818 A.2d 906 (Del. 2003).

3

felony murder cannot attach unless the murder is a consequence of the felony and is intended to help the felony progress.[9] Based upon the *Williams* decision, the Superior Court granted Kirk's third Rule 61 motion on substantive grounds and vacated Kirk's three convictions for felony Murder in the First Degree and his two convictions for Assault in the First Degree.[10]

7.     Although the State conceded in its response briefing that the *Williams* decision required that the foregoing convictions be vacated, the State also argued that the appropriate remedy was to modify Kirk's judgment and convict him of the lesser included offenses of Manslaughter (3 counts) pursuant to 11 *Del. C.* §632 and Assault in the Second Degree (2 counts) pursuant to 11 *Del. C.* §612. Kirk, on the other hand, argued that the appropriate remedy was for the Superior Court to enter judgments of acquittal, or in the alternative, grant him a new trial.

8.     After reviewing the evidence admitted at Kirk's trial, the findings of fact and conclusions of law, the Superior Court ordered a re-sentencing hearing be held at which time a new verdict was to be entered and Kirk was to be re-sentenced for the lesser included offenses as requested by the State.[11]

---

[9] *Id.* at 912.
[10] *State v. Kirk*, 2004 WL 396407 (Del. Super. Ct.) (In applying *Williams*, the Court found that although the three murders occurred as a direct consequence of the underlying felony of arson, Kirk did not cause those deaths in order to promote or further the fire.)
[11] *Id.* at 10. Consistent with the rule of law set forth by the Delaware Supreme Court in *White v. State*, 576 A.2d 1322 (Del. 1990), the Superior Court determined that the judge may resentence Kirk up to the combined duration of the original sentences without violating the constitutional prohibition against double jeopardy or infringement of his due process rights.

9. Kirk was re-sentenced on February 1, 2005 to 10 years of Level V incarceration on each of the three Manslaughter convictions and 8 years of Level V incarceration on each of the two convictions for Assault in the Second Degree for a total of 46 years of Level V incarceration. Kirk's sentences for Arson in the Third Degree and Assault in the Third Degree remained the same (2 years and 1 year at Level V, respectively).

10. Kirk appealed the re-sentencing to the Delaware Supreme Court. His sole claim on appeal was that the Superior Court lacked jurisdiction to enter convictions for Manslaughter and Assault in the Second Degree because the 5-year statute of limitations for bringing felony charges under 11 *Del. C.* §205(b)(1) had run.[12] According to Kirk, the 5-year statute of limitations on those charges expired on December 3, 2002, thereby rendering the February 11, 2005 Order invalid and a violation of his due process rights.[13]

11. The Delaware Supreme Court affirmed the February 11, 2005 Order of the Superior Court.[14] In so doing, the Delaware Supreme Court stated as follows:

> Kirk's, and his former counsel's, claims that the Superior Court's action were barred by the statute of limitations and violate his constitutional rights are based on the assumption that, in implementing a remedy for the miscarriage of justice, the Superior Court initiated a new prosecution against Kirk. That assumption is erroneous.

---

[12] See *Kirk v. State*, 2005 WL 3526325, at *2 (Del.).
[13] *Id.*
[14] *Id.* at *3.

5

Rather, the Superior Court, properly relying on the findings of the Superior Court judge who presided over Kirk's trial, did no more than re-sentence Kirk on lesser-included charges that relate back to his original convictions. The statute of limitations is not implicated in such a situation. Nor do we find that the remedy implemented by the Superior Court, which was fully consistent with well-settled Delaware law, violated any of Kirk's constitutional rights.[15]

12. On March 21, 2007, Kirk filed a fourth Rule 61 motion for postconviction relief claiming that newly discovered evidence warranted a new trial.[16] The Superior Court summarily dismissed Kirk's fourth Rule 61 motion finding that the new evidence would not have changed the outcome of the trial, could have been discovered before trial and was merely cumulative and impeaching.[17] On December 5, 2007, the Delaware Supreme Court affirmed the denial of Kirk's fourth Rule 61 motion.[18]

13. In January 2008, Kirk filed a second federal petition for writ of habeas corpus with the United States District Court for the District of Delaware. The District Court

---

[15] *Id.* at *3. (citations omitted).

[16] "To warrant a new trial, newly discovered evidence must (1) be likely to change the result of the trial, (2) have been discovered since the proceedings leading to the judgment and could not have been discovered before the proceedings by the exercise of due diligence and (3) not be merely cumulative or impeaching." State v. Briggs, 1998 WL 1029256, at *3 (Del. Super. Ct. Dec. 7, 1998).

[17] *State v. Kirk*, 2007 WL 1446671 (Del. Super. Ct.)

[18] *Kirk v. State*, 2007 WL 4260174 (Del. 2007).

denied and dismissed the second petition for lack of jurisdiction pursuant to 28 U.S.C. §2244(b)(3).[19] Kirk appealed and the District Court decision was affirmed.[20]

14.    On February 16, 2015, Kirk filed a fifth Rule 61 motion for postconviction relief.  By Order dated May 26, 2015, the Superior Court summarily dismissed Kirk's fifth postconviction motion on procedural grounds.

## DEFENDANT'S RULE 61 MOTION

15.    On June 26, 2019, Kirk filed his sixth Rule 61 motion for postconviction relief.  He moved to amend the pending Rule 61 motion on August 13, 2019.  The Court granted the motion to amend.  In the subject motion, as amended, Kirk raises two claims.  Specifically, Kirk claims:

>    (1)    the Superior Court lacked the jurisdiction to convict and sentence him on the lesser charges of Manslaughter and Assault in the Second Degree; and

>    (2)    "the trial court lacked the jurisdiction to try the accused, whereby, the indictment against him was defective."

16.    In support of his claim that the Superior Court lacked the jurisdiction to convict and sentence him on the lesser charges of Manslaughter and Assault in the Second Degree,  Kirk argues that pursuant to 11 *Del. C.* §205(b)(1), "[a] prosecution for any felony except murder . . . must be commenced within 5 years after it is

---

[19] *Kirk v. Phelps*, 596 F. Supp. 2d 835 (2009).
[20] *Kirk v. Phelps*, 559 U.S. 983 (2010).

7

committed." He acknowledges, however, that the statute of limitation does not run "[d]uring any time when a prosecution . . . against the accused for the same conduct has been commenced and *is pending* in this State."[21] According to Kirk, the "pending prosecution" clause does not toll the statute of limitation in this case because the prosecution against Kirk commenced on January 21, 1997 when the initial indictment was filed and concluded on December 3, 1997 when the trial court initially sentenced him. Therefore, according to Kirk, when the Superior Court re-sentenced him on February 11, 2005 for the lesser included offenses, those judgments and convictions were barred by the 5-year statute of limitation.

17.     Kirk then proceeds to undercut his argument in a number of ways. First, Kirk states in his motion that "[a]lthough the trial court's re-sentencing of Kirk on lesser charges did not constitute a new prosecution, the court still lacked the jurisdiction to find Kirk guilty of the lesser charges beyond the five years after the prosecution against Kirk had ended and was no longer 'pending in this State.'"

18.     Second, Kirk acknowledges that he "attempted" to present this claim to the Delaware Supreme Court in 2005 through his counsel, but contends that counsel failed to present the specifics of his claim. This failure on the part of counsel led Kirk to request that counsel withdraw. Counsel so obliged and the Supreme Court granted the request. Kirk contends that the Supreme Court then erred when it

---

[21] 11 *Del. C.* §205(h)(3) (emphasis added).

considered Kirk's claim based on counsel's brief (as opposed to Kirk's later filed brief), citing an "assumption" that Kirk never proffered before the Supreme Court. Kirk claims that this fact, in effect, rendered Kirk's claim as presented in this sixth Rule 61 motion, undecided by the Supreme Court.

19.     With respect to his second claim, Kirk again asserts that the trial court "lacked jurisdiction" in arguing that the three indictments for felony murder were "defective." Kirk's basis for the indictments being "defective" seem to be premised on the notion that the initial felony murder indictments would not have been brought against him if the *Williams* decision had been rendered prior to 1997 when he committed his crimes. Kirk argues that "the retroactive application of *Williams* did not go far enough" and asserts that the felony murder indictments "changed the whole landscape of this case." Kirk claims that had the death penalty not been looming, he would not have waived his right to a jury trial and would likely have been offered a plea deal that would have required him to serve substantially less jail time then he ultimately received.

## LEGAL STANDARD AND ANALYSIS

20.     Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[22] This is Defendant's sixth

---

[22] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

9

motion for postconviction relief and it is procedurally barred for a number of reasons.

21.    First, Kirk's motion is untimely under Rule 61(i)(1) as it was not brought within one year of the Supreme Court's mandate affirming his convictions for Manslaughter and Assault in the Second Degree, which occurred on December 23, 2005.[23]

22.    Second, Kirk's claims are barred under Rule 61(i)(4) which provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a habeas corpus proceeding, is thereafter barred."[24]

23.    Kirk's first claim was previously adjudicated by the Supreme Court in 2005 when it determined that the 5-year statute of limitations was not implicated in his re-sentencing.  Kirk seeks to avoid this bar to relief by relying on Rule 61(i)(5), which states that such a bar "shall not apply . . . to a claim that the court lacked jurisdiction."[25]  Kirk's claim--that the Superior Court lacked the jurisdiction to convict and sentence him on the lesser charges of Manslaughter and Assault in the Second Degree--is precisely the claim previously adjudicated by the Delaware Supreme Court.  Kirk made the exact same argument to the Delaware Supreme Court

---

[23] Super.Ct.Crim.R.  61(i)(1).
[24] Super.Ct.Crim.R.  61(i)(4).
[25] Super.Ct.Crim.R.  61(i)(5).

10

in 2005 and the Supreme Court found no merit to the appeal. Accordingly, Kirk's first claim is procedurally barred under Rule 61(i)(4).

24.     Kirk's second claim that the trial court lacked jurisdiction to try him because the indictment was "defective" also lacks merit. The indictments against Kirk brought in 1997 for felony murder were brought in accordance with the State's understanding of Delaware's felony murder statute at that time. The fact that the interpretation of a certain phrase in the felony murder statute was redefined in 2003 by virtue of the *Williams* decision does not render the 1997 indictments "defective" nor does it affect the Court's jurisdiction. Tellingly, Kirk does not offer any authority to support his assertion. As with his first claim, Kirk's second claim is merely a rephrasing of the claim previously adjudicated by the Superior Court to include the notion that "the court lacked jurisdiction." In essence, Kirk's second claim is tantamount to an appeal of the Superior Court's determination to re-sentence him in 2004 as opposed to granting his requested relief of entering judgments of acquittal or granting him a new trial. Accordingly, Kirk's second claim is also procedurally barred under Rule 61(i)(4).

25.     Moreover, Rule 61(i)(2) addresses successive motions and provides that second or subsequent motions are not permitted under Rule 61 unless that second or subsequent motion satisfies the pleading requirements of Rule 61(d).[26]

---

[26] Super.Ct.Crim.R. 61(i)(2).

26. Rule 61(d) mandates that in second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that *new* evidence exists that creates a strong inference that the defendant is actually innocent of the charges for which he was convicted, or 2) the existence of a *new* rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[27] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified.[28]

27. Neither of Kirk's claims meet the pleading requirements to overcome the summary dismissal. Kirk does not contend that there is *new* evidence that creates a strong inference of his actual innocence nor does he assert the existence of a *new* rule of constitutional law made retroactive to his case.

For all of the foregoing reasons, Kirk's Motion for Postconviction Relief should be SUMMARILY DISMISSED.

**IT IS SO RECOMMENDED.**

_____
Commissioner Janine M. Salomone

cc: Prothonotary

---

[27] Super.Ct.Crim.R. 61(d)(2) & (5).
[28] Super.Ct.Crim.R. 61(d)(5).

12