IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAVIER PEREZ, | § | |
| | § | No. 133, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1804006358 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 13, 2019
Decided: December 3, 2019

Before **SEITZ**, Chief Justice; **VALIHURA**, and **TRAYNOR**, Justices.

## **ORDER**

This 3rd day of December, 2019, having considered the briefs and the record below, it appears to the Court that:

(1)    Javier Perez is not a United States citizen, his native language is Spanish, and he has lived in this country for 30 years.  On April 11, 2018, police arrested and charged Perez with Fifth Offense DUI, Following Too Closely, Failure to Report Address Change and Failure to have Possession of Registration.  Perez discussed his case with his attorney, with the assistance of an interpreter, and understood what they discussed.[1]  At one meeting, Perez brought a relative in case

---

[1] App. to Opening Br. at A-9-12.

he needed an interpretation, but the relative only assisted once.[2]  On October 30, 2018, Perez, with the assistance of an interpreter, knowingly and intelligently pled guilty to Fifth Offense DUI.  Then on March 1, 2019, Perez was sentenced without the assistance of an interpreter.  At sentencing, he did not request an interpreter, nor did he indicate that he did not understand the proceedings.[3]

(2)    On appeal, Perez argues that the Superior Court violated his rights under the Due Process and Equal Protection Clauses of the United States Constitution when it did not provide a Spanish interpreter during his sentencing hearing.[4]  Because this issue was not raised in the Superior Court, we review for plain error.  "[P]lain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[5]

(3)    We have held that "[a] criminal defendant who is unable to understand the English language is effectively denied the right to consult with an attorney, to confront his or her accusers, and/or to waive constitutional rights knowingly,

---

[2] Opening Br. at 3.
[3] App. to Opening Br. at A-22-26.
[4] Opening Br. at 6.
[5] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

intelligently, and voluntarily."[6] Perez's attorney failed to request an interpreter at sentencing. But, after a careful review of the record, we find that Perez entered his plea knowingly, voluntarily and intelligently.

(4) With the assistance of an interpreter, counsel discussed the plea with Perez ahead of time, advised him of his rights under the Constitution, discussed the immigration consequences with him, and answered his questions to his satisfaction.[7] Even though Perez is not a citizen of the United States,[8] he has lived in the country for 30 years.[9] During questioning from the court, he apologized for his English, and the court replied that it understood him.[10] The record supports, and Perez did not dispute, that Perez understands English and knew the potential consequences of pleading guilty. Thus, sentencing him without an interpreter did not violate his constitutional rights, and the Superior Court did not plainly err.

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Chief Justice

---

[6] *Chao v. State*, 604 A.2d 1351, 1362 (Del. 1992), *overruled on other grounds by Williams v. State*, 818 A.2d 906 (Del. 2002).
[7] App. to Opening Br. at A-9.
[8] *Id.* at A-10.
[9] *Id.* at A-19.
[10] *Id.* at A-24.