IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEROME D. CLARK, | § | |
| | § | No. 531, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID 13010004000 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: April 17, 2015
Decided: June 25, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 25th day of June 2015, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Jerome Clark, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. After careful consideration, we affirm the Superior Court's denial of postconviction relief but remand the matter for correction of Clark's sentence.

(2) The record reflects that, on May 29, 2013, Clark pled guilty to one count of Attempted Burglary in the Third Degree and one count of Criminal Mischief. On August 23, 2013, the Superior Court sentenced Clark on the burglary charge as a habitual offender under 11 *Del. C.* § 4214(a) to

two years at Level V incarceration. The sentencing order also stated that, under 11 *Del. C.* § 4204(k), Clark's Level V sentence "shall be served without benefit of any form of early release." On the criminal mischief charge, the Superior Court sentenced Clark to six months at Level V incarceration, to be suspended entirely for one year at Level III probation. Clark did not file a direct appeal.

(3)   Instead, on October 1, 2013, Clark filed a motion for postconviction relief. Clark alleged that: (i) the Superior Court erred in denying his motion to withdraw his plea; (ii) his trial counsel was ineffective for failing to advise him that his sentence was subject to the provisions of Section 4204(k); and (iii) his sentence for criminal mischief was illegal because he pled guilty to an unclassified misdemeanor for which the Superior Court could impose a maximum thirty day sentence. The Superior Court appointed counsel to represent him.

(4)   After considering Clark's motion, his trial counsel's affidavit, and the State's response, the Superior Court denied Clark's motion for postconviction relief. The Superior Court held that Clark's alleged stress prior to entering his guilty plea was an insufficient basis to allow withdrawal of the plea. The Superior Court also concluded that, although Section 4204(k) was not a part of Clark's guilty plea agreement and was not

2

discussed with Clark during his guilty plea colloquy, there was no error because Clark knew he was being sentenced as a habitual offender under Section 4214(a) and that he would be required to serve every day of his two year sentence in jail. Finally, the Superior Court granted Clark's request to correct his criminal mischief sentence from six months to thirty days at Level V. This appeal followed.

(5)    Clark raises four discernible issues in his opening brief on appeal. First, he contends that his trial counsel was ineffective for failing to file a motion to withdraw his guilty plea. Second, he contends that the Superior Court erred in denying his *pro se* motion to withdraw his guilty plea. Third, he contends that his postconviction counsel was ineffective and did not assist him in filing his postconviction claims. Finally, he contends that it was error for the Superior Court to sentence him subject to the provisions of Section 4204(k).

(6)    We review the Superior Court's denial of postconviction relief for abuse of discretion, although we review questions of law *de novo*.[1] Clark's first issue on appeal, contending that his counsel was ineffective for failing to move to withdraw his guilty plea, was not raised in the motion he

---

[1] *Claudio v. State*, 958 A.2d 846, 850 (Del. 2008).

filed in the Superior Court. In the absence of any showing of plain error, we will not consider his claim for the first time on appeal.[2]

(7) Clark's second claim is that the Superior Court erred in denying his *pro se* motion to withdraw his plea. At his August 2013 sentencing, Clark asked to withdraw his plea because he was "really, really, really stressful when [he] took the plea." The Superior Court considered Clark's request. The court noted that Clark had a significant criminal history and was experienced enough to recognize that the State's plea offer, with a two-year sentence recommendation, was extremely favorable to him because Clark was faced with the possibility of a life sentence as a habitual offender if he were convicted after a trial. Based on Clark's demeanor at the guilty plea hearing and his responses to the judge's inquiries, the Superior Court found no just reason to grant withdrawal of Clark's plea.[3]

(8) Clark did not file a direct appeal from his convictions. Therefore, his belated challenge to the Superior Court's denial of his motion to withdraw his guilty plea is procedurally barred by Superior Court

---

[2] *Keyser v. State*, 2014 WL 1168835, *2 (Del. Mar. 20, 2014).

[3] *See* Super. Ct. Crim. R. 32 (d) (stating that the Superior Court may permit withdrawal of a guilty plea upon motion made before sentencing for any "fair and just reason.").

4

Criminal Rule 61(i)(3) unless Clark can establish cause and prejudice[4] or plead a colorable claim of a miscarriage of justice.[5] Clark has satisfied neither standard.

(9) Clark asserts no cause for his failure to raise this claim earlier. Moreover, the guilty plea transcript in this case reflects that Clark acknowledged that he committed the offenses with which he was charged. He acknowledged his understanding that the State was recommending that he be sentenced as a habitual offender to a total period of two years in prison. He stated that he understood the rights he was giving up, that he was satisfied with his counsel's representation, and that no one was forcing him to plead guilty. In short, the record establishes that Clark entered his plea knowingly, intelligently, and voluntarily. Under the circumstances, Clark has not overcome the procedural hurdle of Rule 61(i)(3).[6]

(10) Clark's next claim is that his appointed postconviction counsel was ineffective for failing to provide adequate assistance in pursuing his postconviction claims. We will not consider Clark's claim of ineffective

---

[4] Del. Super. Ct. Crim. R. 61(i)(3) (stating that any ground for postconviction relief that was not raised in the proceedings leading to the judgment of conviction is thereafter barred unless the defendant can show cause and prejudice).

[5] *Stanley v. State*, 2015 WL 3545413, *3 (Del. June 4, 2015).

[6] *Kalil v. State*, 2014 WL 2568029 (Del. June 5, 2014).

assistance of postconviction counsel in this appeal because it was not fairly raised before the trial court, and he raises no claim of plain error.[7]

(11) Clark's final claim is that the Superior Court erred in concluding that there was no error regarding the imposition of his sentence under 11 *Del. C.* § 4204(k). In relevant part, Section 4204(k)(1) allows a sentencing judge to "direct as a condition to a sentence of imprisonment … that all or a specified portion of said sentence shall be served without any form of early release, good time … or any other form of reduction or diminution of sentence."[8] Section 4204(k)(3) further states that the provisions of the subsection apply "only to sentences of imprisonment at Level V for 1 year or less, or to sentences of imprisonment at Level V which are equal to the statutory maximum Level V sentence available for the crime or offense."[9]

(12) The State concedes that, on its face, Section 4204(k) cannot be applied to Clark's sentence, which exceeded one year but was less than the statutory maximum. Moreover, the State concedes that Clark's two year sentence as a habitual offender under Section 4214(a) is subject to the award

---

[7] *Guy v. State*, 82 A.3d 710, 715 (Del. 2013).

[8] 11 *Del. C.* § 4204(k)(1).

[9] *Id.* § 4204(k)(3).

of good time under Section 4381.[10] Accordingly, the State requests that this case be remanded to the Superior Court for correction of Clark's sentence to remove the § 4204(k) restriction. Under the circumstances, we agree that the matter must be remanded for correction of Clark's sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court denying Clark's motion for postconviction relief is AFFIRMED, but the matter is REMANDED to the Superior Court for correction of Clark's sentence consistent with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[10] *See* 11 *Del. C.* § 4214(a).