IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. BROWN, | § | |
| | § | No. 51, 2015 |
| Defendant Below-Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1107009697 |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: July 17, 2015
Decided: September 21, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 21st day of September 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Michael Brown, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Brown's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, on May 15, 2012, Brown pled guilty to two counts of Assault in the First Degree (as lesser included offenses to

Attempted Murder in the First Degree) and one count of Possession of a Deadly Weapon during the Commission of a Felony. Before sentencing, Brown's appointed counsel filed a motion to withdraw Brown's guilty plea and filed a motion to withdraw as counsel.

(3) The Superior Court held a hearing on both motions on July 24, 2012. Brown told the judge that he wanted to withdraw his plea because he was not happy with his trial counsel. Brown stated that counsel had never expressed any confidence in the outcome of going to trial and had told Brown that he thought he would be found guilty by a jury and would be sentenced to thirty-five or forty years in prison. Brown asserted that counsel had incorrectly informed him of the recommended sentence under the sentencing guidelines (although Brown conceded that the statutory minimum and maximum sentence were correct on the guilty plea agreement). Brown told the judge that he supported his counsel's motion to withdraw and that he wanted the opportunity to retain his own private counsel and go to trial.

(4) The Superior Court explained to Brown that, if Brown's appointed counsel were permitted to withdraw, the court would not appoint substitute counsel to represent him at State expense. The Superior Court explained to Brown the dangers of representing himself, if the Court granted his motion to withdraw his plea and Brown was unable to retain private

2

counsel.  Brown acknowledged his understanding.  In response, the State asserted that Brown had not established a fair and just reason under Superior Court Criminal Rule 32(d) to permit withdrawal of his plea.

(5)    After taking both motions under advisement, the Superior Court issued a written decision on July 31, 2012, granting counsel's motion to withdraw and staying a further ruling on Brown's motion to withdraw his plea to allow Brown the opportunity to retain new counsel.  The Superior Court stated that, if new counsel entered an appearance in the case by September 7, 2012, then new counsel would be permitted to file an amended motion to withdraw Brown's plea.  If new counsel had not entered the case by September 7, 2012, then Brown's motion to withdraw his plea would be denied and Brown would proceed to sentencing *pro se* on September 28, 2012.

(6)    New counsel did not enter an appearance on Brown's behalf. On September 28, 2012, Brown appeared for sentencing *pro se*.  The Superior Court sentenced him to a total period of thirty-two years at Level V imprisonment, to be suspended after serving seventeen years in prison for decreasing levels of supervision.  Brown did not file a direct appeal.

(7)    Instead, on October 9, 2013, Brown filed a motion for postconviction relief, alleging that the Superior Court erred in denying his

3

motion to withdraw his plea, that his trial counsel was ineffective, and that he was denied his right to counsel at sentencing. The Superior Court appointed postconviction counsel to represent Brown. On May 9, 2014, postconviction counsel filed a motion to withdraw under Superior Court Criminal Rule 61(e)(2) on the grounds that Brown's arguments were so lacking in merit that counsel could not ethically advocate them and because counsel found no other arguable ground for relief. On December 9, 2014, a Superior Court Commissioner issued a report finding that Brown's claims were both procedurally barred and without merit. The Commissioner recommended that postconviction counsel be permitted to withdraw and that Brown's motion be denied. On January 8, 2015, the Superior Court accepted the Commissioner's report and recommendation and denied Brown's motion. This appeal followed.

(8) In his opening brief on appeal, Brown argues that: (i) his trial counsel was ineffective for failing to conduct an adequate investigation in his case and for failing to obtain surveillance videos; (ii) his trial counsel was ineffective for misinforming him about the enhanced recommended sentence under the sentencing guidelines because of his prior criminal record; and (iii) he was denied his right to counsel at sentencing.

(9) We review the Superior Court's denial of postconviction relief for abuse of discretion, although we review questions of law *de novo*.[1] Brown's first issue on appeal, contending that his trial counsel was ineffective for failing to conduct an adequate investigation, was not raised in the motion he filed in the Superior Court. In the absence of any showing of plain error, we will not consider this claim for the first time on appeal.[2]

(10) Brown's second claim is that his trial counsel was ineffective for failing to correctly advise him of the applicable Truth in Sentencing guidelines. To establish a claim of ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate that: (a) counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial.[3] A defendant must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel or else risk summary dismissal.[4]

(11) As the Superior Court correctly informed Brown at the hearing on his motion to withdraw, a mistake regarding the sentencing guidelines does not negate an otherwise valid guilty plea because the guidelines are

---

[1] *Claudio v. State*, 958 A.2d 846, 850 (Del. 2008).
[2] *Keyser v. State*, 2014 WL 1168835, *2 (Del. Mar. 20, 2014).
[3] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).
[4] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

voluntary and are not binding.[5] Here, Brown was correctly informed of the statutory range of sentences for his convictions. Even though the plea agreement did not reflect the correct presumptive sentence under the TIS guidelines given Brown's prior criminal record, we find no prejudice to Brown. Brown originally was charged with three counts of attempted murder, a class A felony, as well as six additional felony charges. If Brown had gone to trial, he faced the possibility of a life sentence. Thus, he received a substantial benefit by agreeing to plead guilty to the lesser included charges of assault and to only one weapon charge.[6] We find no merit to his contention that he would not have pled guilty if he had been correctly informed of the non-binding TIS guideline sentence.[7]

(12)   Brown's final claim is that he was denied his right to counsel at his sentencing. The Superior Court, however, carefully reviewed Brown's options with him when Brown indicated at the hearing on counsel's motion to withdraw that he supported his counsel's motion. Brown understood that the Superior Court would grant Brown additional time to retain private counsel but that the Superior Court would not appoint substitute counsel to represent him at State expense, if appointed counsel was granted leave to

[5] *Siple v. State*, 701 A.2d 79, 82-83 (Del. 1997).
[6] *Jamison v. State*, 2003 WL 21295908 (Del. June 3, 2003).
[7] *Stanley v. State*, 2013 WL 543897 (Del. Feb. 12, 2013).

withdraw. Brown understood that his choice was to proceed with his appointed counsel, retain his own private counsel, or proceed *pro se*.[8] The record reflects that Brown validly waived his right to appointed counsel and then failed to retain private counsel. Under these circumstances, Brown was not denied his right to counsel at sentencing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[8] *Bultron v. State*, 897 A.2d 758, 763 (Del. 2006).