# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                        )
v.                      )      ID No. 87001255DI
                        )
ENRIQUE MAYMI,          )
                        )
Defendant.              )

Date Submitted: October 20, 2016
Date Decided: December 21, 2016

## ORDER

Upon consideration of Defendant Enrique Maymi's Motion for Appointment of Counsel[1] and Motion for Postconviction Relief;[2] the Commissioner's Report and Recommendation that Defendant's Motion for Appointment of Counsel and Motion for Postconviction Relief be **DENIED**;[3] Defendant's Appeal from the Commissioner's Report and Recommendation;[4] and the record in this case, **IT APPEARS THAT:**

1. On December 3, 1987, a jury convicted Defendant, Enrique Maymi, and his Co-defendant, Carmelo J. Claudio, of First Degree Murder.[5] On December 17, 1987, Defendant and Co-defendant were sentenced to life imprisonment without

---

[1] D.I. 58.
[2] D.I. 57.
[3] D.I. 62.
[4] D.I. 63.
[5] D.I. 14.

the possibility of parole.[6]  The Delaware Supreme Court upheld their convictions on direct appeal.[7]

2.  On July 12, 2007, Defendant filed an individual motion for postconviction relief in the Superior Court.[8]  On October 30, 2007, the Superior Court appointed counsel to represent Defendant in his postconviction motion.[9]  On March 14, 2008, Defendant's counsel filed an amended motion for postconviction relief,[10] and on April 1, 2008, the Court denied Defendant's amended motion.[11]  With the assistance of counsel, Defendant appealed the denial of his postconviction motion.[12]  On October 8, 2008, the Delaware Supreme Court affirmed the judgment of the Superior Court.[13]

3.  On May 18, 2016, Defendant filed the instant motions: (1) Defendant's Motion for Appointment of Counsel[14] and (2) Defendant's Motion for Postconviction Relief.[15]  This is Defendant's second motion for postconviction relief.

---

[6] D.I. 16.
[7] D.I. 32; *Claudio v. State*, 585 A.2d 1278 (Del. 1991).
[8] D.I. 45.
[9] D.I. 49.
[10] D.I. 52.
[11] D.I. 53.
[12] D.I. 54.
[13] D.I. 56; *Claudio v. State*, 958 A.2d 846 (Del. 2008).
[14] D.I. 58.
[15] D.I. 57.

4. On June 1, 2016, the matter was referred to Superior Court Commissioner Bradley V. Manning pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of facts and conclusions of law.

5. On October 3, 2016, the Commissioner issued his Report and Recommendation that Defendant's Motion for Appointment of Counsel and Motion for Postconviction Relief be denied.[16]

6. With regard to Defendant's Motion for Appointment of Counsel, Defendant asserts that he is entitled to counsel under the United States Supreme Court's holding in *Martinez v. Ryan*.[17]

7. With regard to Defendant's Motion for Postconviction Relief, Defendant asserts that trial counsel was ineffective for failing to request a jury instruction for lesser-included offenses, as the State was seeking the Death Penalty.[18]

**NOW THEREFORE**, after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation that the Defendant's Motion for Appointment of Counsel and Motion for Postconviction Relief be **DENIED**, and having considered the Defendant's appeal thereof, **IT IS HEREBY ORDERED** that the Commissioner's

---

[16] D.I. 62.
[17] D.I. 58.
[18] D.I. 57.

Report and Recommendation is **AFFIRMED,** and Defendant's Motion for Appointment of Counsel and Motion for Postconviction Relief are **DENIED.**

Jan R. Jurden, President Judge

Prothonotary—Original

cc:     Enrique Maymi, SBI #181888

4