,IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ENRIQUE MAYMI, | § | |
| | § | No. 40, 2017 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 87001255DI |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: March 30, 2017
Decided: May 1, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 1st day of May 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)   The appellant, Enrique Maymi, filed this appeal from the Superior Court's denial of his second motion for postconviction relief.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Maymi's opening brief that his appeal is without merit.  We agree and affirm.

(2)   In December 1987, a Superior Court jury convicted Maymi and his codefendant, Carmelo Claudio, of Murder in the First Degree.  The Superior Court sentenced Maymi to life imprisonment.  This Court upheld his conviction and

sentence on direct appeal.[1]  In 2007, Maymi filed his first motion for postconviction relief under Superior Court Criminal Rule 61.  The Superior Court appointed counsel to represent Maymi, and appointed counsel filed an amended motion for postconviction relief in March 2008.  The Superior Court denied his motion.[2]  This Court affirmed on appeal.[3]

(3)  Maymi filed his second Rule 61 motion in May 2016.  The Superior Court referred Maymi's motion to a commissioner, who issued a report on October 3, 2016, recommending that Maymi's motion be denied as both untimely and repetitive.  On December 21, 2016, after conducting a *de novo* review, a judge of the Superior Court adopted the commissioner's report and recommendation and denied Maymi's motion.  This appeal followed.

(4)  After careful consideration of the opening brief and the State's motion to affirm, it is clear that the judgment below should be affirmed on the basis of, and for the reasons assigned by, the Superior Court in its well-reasoned decision dated December 21, 2016.  The Superior Court did not err in concluding that Maymi's second motion for postconviction relief was untimely and repetitive and that Maymi had failed to overcome these procedural hurdles.  Maymi's contention

---

[1] *Claudio v. State*, 585 A.2d 1278 (Del. 1991).
[2] *State v. Claudio*, 2008 WL 853799 (Del. Super. Apr. 1, 2008).
[3] *Claudio v. State*, 958 A.2d 846 (Del. 2008).

that he was entitled to the appointment of counsel to pursue his second motion under Rule 61 is simply incorrect.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *Gibbs v. State*, 2015 WL 3843378 (Del. June 18, 2015).