IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID M. COLES, | § | |
| | § | No. 511, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID 0301011099 (N) |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: June 9, 2017
Decided: July 31, 2017

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## O R D E R

This 31st day of July 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)  The appellant, David Coles, filed this appeal from the Superior Court's denial of his second motion for postconviction relief.  After careful consideration, we affirm the Superior Court's judgment.

(2)  A Superior Court jury convicted Coles in November 2006 of Murder in the Second Degree, Possession of a Firearm During the Commission of a Felony, and Possession of a Deadly Weapon by a Person Prohibited.  In June 2007, the Superior Court sentenced Coles to a total period of thirty-eight years at Level V incarceration, to be suspended after serving

thirty-four years in prison for a period of probation. This Court affirmed Coles' convictions and sentence on direct appeal.[1] Coles filed a timely first motion for postconviction relief under Superior Court Criminal Rule 61, which the Superior Court denied.[2] On appeal, we reversed and remanded for new postconviction proceedings with appointed counsel.[3]

(3) Coles' appointed counsel filed an amended motion for postconviction relief on his behalf in September 2014. The Superior Court denied that motion, and we affirmed on appeal.[4] In September 2016, Coles filed his second motion for postconviction relief. The Superior Court applied the amended version of Rule 61, which became effective June 4, 2014, and concluded that Coles' motion was procedurally barred under Rule 61(d)(2). Thus, the Superior Court summarily dismissed his petition without further consideration. Coles appeals that judgment.

(4) Coles raises four arguments in his opening brief on appeal. First, he argues multiple claims of ineffective assistance of counsel. Second, he contends that the Superior Court erred in applying the procedural bar of Rule 61(d)(2) to his ineffectiveness claims because his postconviction counsel was

---

[1] *Coles v. State*, 959 A.2d 18 (Del. 2008).
[2] *State v. Coles*, 2012 WL 3541283 (Del. Super. Feb. 29, 2012).
[3] *Coles v. State*, 2013 WL 2966637 (Del. June 12, 2013).
[4] *Coles v. State*, 2016 WL 703128 (Feb. 22, 2016).

ineffective in failing to raise these claims in Coles' first Rule 61 proceeding and his claims should have been considered in the interest of justice. Next, Coles argues that the Superior Court erred in failing to consider his self-defense claim as a claim of actual innocence under Rule 61(d)(2)(i). Finally, he contends that the Superior Court erred in failing to consider his claim of error concerning a jury instruction given at trial as a new, retroactive claim of constitutional law under Rule 61(d)(2)(ii).

(5) We review the Superior Court's denial of postconviction relief for abuse of discretion, although we review questions of law *de novo*.[5] Both the Superior Court and this Court on appeal first must consider the procedural requirements of Rule 61 before considering the merits of any underlying postconviction claims.[6] Rule 61 was substantially amended in June 2014 with the adoption, among other things, of new procedural bars for second and subsequent motions found in Rule 61(d)(2) and referenced in Rule 61(i)(5). These new procedural requirements apply to any postconviction motion filed after June 4, 2014.[7]

(6) Rule 61(d)(2), which became effective June 4, 2014 and applies to Coles' second Rule 61 motion filed in 2016, provides that a second or

---

[5] *Claudio v. State*, 958 A.2d 846, 850 (Del. 2008).
[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[7] *Cannon v. State*, 127 A.3d 1164, 1167 n.15 (Del. 2015).

3

subsequent Rule 61 motion shall be summarily dismissed unless the movant was convicted after a trial and the motion either: (i) asserts that new evidence exists that creates a strong inference that the movant is factually innocent; or (ii) asserts a new, retroactive rule of constitutional law that render the movant's conviction or death sentence invalid.  We conclude that the Superior Court properly applied this procedural bar to Coles' second motion and correctly concluded that the motion failed to assert any claim of new evidence to establish his innocence in fact or any claim of a new, retroactive rule of constitutional law that would invalidate his convictions.  Contrary to Coles' assertion, this Court's decision in *Guy v. State*,[8] which was decided before the substantive amendments to Rule 61 in June 2014, has no applicability to his case.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[8] 82 A.3d 710 (Del. 2013) (discussing the application of the procedural bars under then-existing Rule 61 to claims of ineffective assistance of postconviction counsel and concluding that Guy's claims were untimely).