IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES J. DURHAM, | § | |
| | § | No. 106, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1003006262 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 15, 2017
Decided: November 13, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

# **O R D E R**

This 13th day of November 2017, upon careful consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)    The appellant, James J. Durham, filed this appeal from the Superior Court's summary dismissal of his second motion for postconviction relief under Superior Court Criminal Rule 61.  We affirm the Superior Court's judgment.

(2)    Following a jury trial in October 2010, Durham was convicted of first degree robbery and other offenses.  After the verdict, Durham's trial counsel filed a motion for new trial, which was denied on June 9, 2011.[1]  Durham was sentenced

---

[1] *State v. Durham*, 2011 WL 3568267 (Del. Super. June 9, 2011).

on June 15, 2011. On direct appeal, this Court affirmed Durham's convictions and sentence.[2]

(3) In January 2013, with the help of postconviction counsel, Durham filed a timely motion for postconviction relief alleging ineffective assistance of trial counsel and appellate counsel. In October 2013, a Superior Court Commissioner issued a report recommending that the postconviction motion should be denied. Durham's postconviction counsel appealed from the report and recommendation, and the State filed a response. On April 30, 2015, the Superior Court adopted the report and recommendation and denied the postconviction motion "as procedurally barred for failure to prove cause and prejudice, and as meritless.[3] The Superior Court concluded that the appeal did "not advance the motion for postconviction relief in any substantive way."[4] On appeal in this Court, we affirmed the Superior Court's judgment.[5]

(4) On February 6, 2017, Durham filed a second motion for postconviction relief. In his *pro se* motion, Durham alleged that his postconviction counsel was ineffective because counsel failed to raise additional claims of ineffective assistance of trial counsel in Durham's first motion for postconviction relief.

---

[2] *Durham v. State*, 2012 WL 11617 (Del. Jan. 3, 2012).
[3] *State v. Durham*, 2015 WL 2066778 (Del. Super. April 30, 2015).
[4] *Id.*
[5] *Durham v. State*, 2016 WL 499348 (Del. Feb. 8, 2016).

(5)    By order dated February 13, 2017, the Superior Court summarily dismissed Durham's second postconviction motion as procedurally barred.  This appeal followed.  We review the Superior Court's dismissal of the postconviction motion for abuse of discretion and consider questions of law under *de novo* review.[6]

(6)    Both this Court and the Superior Court are required to consider the procedural requirements of Rule 61 before addressing any substantive issues.[7]  In this appeal from the summary dismissal of his second postconviction motion, Durham claims the Superior Court considered procedural requirements inapplicable to his motion and failed to consider relevant case law.

(7)    First, Durham argues that the Superior Court should have applied the version of Rule 61 in effect in 2012, when his convictions became final after his direct appeal.  According to Durham, had the Superior Court applied the 2012 version of Rule 61, the court would not have summarily dismissed his second postconviction motion.  Second, Durham argues that, had the Superior Court properly applied the dictates of our 2013 decision in *Guy v. State*,[8] the court would have been compelled to consider the merit of the claims that he raised in his second postconviction motion.  Both arguments are without merit.

---

[6] *Claudio v. State*, 958 A.2d 846, 850 (Del. 2008).
[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[8] *Guy v. State*, 82 A.3d 710 (Del. 2013).

3

(8)     Our 2013 decision in *Guy v. State* decided an appeal from the denial of a defendant's third motion for postconviction relief under Rule 61 as it then existed.[9] Under the unique circumstances presented in *Guy*, we found that the defendant's claims of ineffective assistance of postconviction counsel were not procedurally barred under Rule 61(i)(2) because the defendant had not had a prior opportunity to raise the claims.[10]  We also held that the one-year time limitation in Rule 61(i)(1) would not begin to run on a defendant's claim of ineffective assistance of postconviction counsel until the conclusion of the appeal from the denial of the postconviction motion filed by postconviction counsel or the conclusion of the time in which to file such an appeal.[11]

(9)     In June 2014, Rule 61 was substantially amended with the adoption, among other things, of a new pleading standard for second or subsequent motions for postconviction relief.[12]  The new pleading standard—found in Rule 61(d)(2) and incorporated in Rule 61(i)(2) and (i)(5)—provides that any second or subsequent postconviction motion will be summarily dismissed unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists to establish the movant's actual innocence in fact; or (ii) pleads with

---

[9] *Id.*
[10] *Id.* at 715.
[11] *Id.* at 715–16.
[12] *See* Del. Super. Ct. Crim. R. 61(d)(2) (Supp. 2017) (governing second or subsequent postconviction motions).

4

particularity that a new, retroactively applicable constitutional rule applies to the movant's case and renders a conviction or death sentence invalid.[13] Rule 61(d)(2), and the other amendments to Rule 61 in June 2014, were made effective on June 4, 2014 and apply to motions for postconviction relief filed on or after that date, including Durham's motion filed in February 2017.[14]

(10) Durham argues that, because the claims raised in his second postconviction motion consisted entirely of claims of ineffective assistance of postconviction counsel, the claims should have been considered on their merits under *Guy v. State* because Durham had no prior opportunity to raise the claims, and he raised the claims in a timely fashion. But Durham's argument disregards the pleading requirements now in effect under Rule 61(d)(2). The Superior Court was required to consider the procedural requirements of Rule 61(d)(2) before addressing any of the substantive issues raised in his second postconviction motion.[15]

(11) The Superior Court summarily dismissed Durham's second postconviction motion after concluding that Durham failed to satisfy the requirements of Rule 61(d)(2). We affirm that decision on appeal and hold that,

---

[13] *Id.* R. 61(i)(2), (i)(5).

[14] *See* Order Amending Rule 61 of the Superior Court Rules of Criminal Procedure (Del. Super. Ct. June 4, 2014) ("This amendment shall be effective on June 4, 2014 and shall apply to postconviction motions filed on or after that date."); *see also Jones v. State*, 2015 WL 6746873, at *1 n.4 (Del. Nov. 4, 2015) (noting that "the new version of Rule 61 . . . applies to all 'postconviction motions filed on or after' June 4, 2014").

[15] *Supra* note 7.

even if he did not have a prior opportunity to raise his ineffective assistance of postconviction counsel claims, and even if, under *Guy v. State*, he raised the claims in a timely fashion, Durham still was required to satisfy the requirements of Rule 61(d)(2) to avoid the summary dismissal of his second postconviction motion.[16] Because Durham did not satisfy the requirements of Rule 61(d)(2), the Superior Court did not err in dismissing his petition.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[16] *Cf. Coles v. State*, 2017 WL 3259697, at *2 (Del. July 31, 2017) (finding 2013 decision in *Guy v. State* inapplicable in appeal from summary dismissal of second postconviction motion under Rule 61(d)(2)).