IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS L. FLEETWOOD, | § | |
| | § | |
| Defendant Below, | § | No. 9, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1503013906 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 24, 2018
Decided: September 27, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 27th day of September 2018, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Thomas L. Fleetwood, appeals from a Superior Court order denying his first motion for postconviction relief under Superior Court Criminal Rule 61.  We find no merit to Fleetwood's claims and affirm the Superior Court's judgment.

(2)    On November 18, 2015, after a one-day trial, a Superior Court jury found Fleetwood guilty of Burglary in the Second Degree, Attempted Theft (Misdemeanor) as a lesser included offense of Attempted Theft (Felony), and Offensive Touching.  The jury found Fleetwood not guilty of Criminal Mischief.

After granting the State's petition to declare Fleetwood a habitual offender, the Superior Court sentenced Fleetwood to ten years and thirty days of Level V incarceration, suspended after eight years for one year of Level III probation.

(3) On direct appeal, this Court affirmed Fleetwood's convictions, but reversed and remanded for the Superior Court to vacate the sentence it mistakenly imposed for the Criminal Mischief charge.[1] The Court described the facts leading to Fleetwood's convictions as follows:

> Just after 1:00 a.m. on March 22, 2015, Kennard called his sister, Takeisha, and asked her to take him to a convenience store. They had just moved into a new apartment together, located above the Driftwood Spirits liquor store on South Bradford Street in Dover. When the two of them returned from the store, they noticed the outside door to the apartment was open.
>
> Kennard entered the apartment first with Takeisha close behind him. Although it was dark, Takeisha saw Fleetwood, a stranger to her, in the laundry room. He was holding her laptops and steaks from their freezer. Takeisha asked the man what he was doing in their home, and if the items he was holding were theirs. Fleetwood then dropped the items on the floor and said "They sent me. They sent me from Smyrna." He told them he had both of their cell phones so they could not call 911. He then attacked Kennard.
>
> As Kennard and Fleetwood fought, Takeisha's cell phone fell out of Fleetwood's pocket. She immediately picked it up and dialed 911. When the police arrived, Kennard told them that he did not know Fleetwood, but recognized him from a nearby pub earlier in the evening. A Dover Police Department detective took photographs of the scene showing steaks and pieces of Takeisha's broken laptops on the floor. One laptop was torn in half and the other device would not turn on. Police arrested Fleetwood and charged him with burglary second

---

[1] *Fleetwood v. State*, 2016 WL 5864585 (Del. Oct. 6, 2016).

2

degree, attempted theft, assault third degree, and criminal mischief. The assault third degree charge was reduced before trial to offensive touching.[2]

(4) On November 1, 2016, Fleetwood filed a timely motion for postconviction relief and a motion for appointment of counsel under Superior Court Criminal Rule 61. The Superior Court denied Fleetwood's motion for appointment of counsel and referred the postconviction motion to a Commissioner. As directed by the Commissioner, Fleetwood's former counsel filed an affidavit in response to the postconviction motion. The State filed a response and Fleetwood filed a reply.

(5) In a report dated December 6, 2017, the Commissioner recommended that the Superior Court deny Fleetwood's motion for postconviction relief.[3] The Superior Court accepted the recommendation of the Superior Court Commissioner and denied Fleetwood's motion for postconviction relief.[4] This appeal followed.

(6) We review the Superior Court's denial of postconviction relief for abuse of discretion, although we review questions of law *de novo*.[5] Both the Superior Court and this Court on appeal first must consider the procedural requirements of Rule 61 before considering the merits of any underlying postconviction claims.[6] Fleetwood argues, as he did below, that (i) his counsel was

---

[2] *Id.* at *1.
[3] *State v. Fleetwood*, 2017 WL 6205777 (Del. Super. Ct. Dec. 6, 2017).
[4] *State v. Fleetwood*, 2018 WL 481642 (Del. Super. Ct. Jan. 17, 2018).
[5] *Claudio v. State*, 958 A.2d 846, 850 (Del. 2008).
[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

3

ineffective for failing to conduct any meaningful pre-trial investigation, question witnesses, or develop a line of defense; (ii) his counsel was ineffective for failing to timely object or challenge to the testimony of State witnesses; and (iii) he is entitled to relief for the prosecutor's improper statements during his closing argument. Fleetwood also argues that the Superior Court erred in denying his motion for appointment of counsel.

(7) Applying the procedural requirements of Rule 61, the Superior Court Commissioner correctly held that Fleetwood's prosecutorial misconduct claim was barred by Rule 61(i)(4). Rule 61(i)(4) bars any claim that was formerly adjudicated. On appeal, this Court held that the prosecutor engaged in improper closing argument by using the "golden rule argument," but "the error that occurred here did not result in fundamental unfairness given the strong and highly incriminatory evidence against Fleetwood."[7] Fleetwood's claim of prosecutorial misconduct was formerly adjudicated and therefore procedurally barred under Rule 61(i)(4). Rule 61(i)(4) does not apply to a claim that the Superior Court lacked jurisdiction or that satisfies Rule 61(d)(i) (new evidence creates a strong inference of actual innocence) or 61(d)(ii) (new rule of constitutional law renders the conviction invalid),[8] but Fleetwood did not plead any of these claims.

---

[7] *Fleetwood*, 2016 WL 5864585, at *2-3.
[8] Super. Ct. Crim. R. 61(i)(5).

4

(8)     The Superior Court also did not err in rejecting Fleetwood's ineffective assistance of counsel claims.  As the Superior Court Commissioner recognized, Fleetwood's ineffective assistance of counsel claims in his first timely postconviction motion were not subject to the Rule 61 procedural bars.  To prevail on an ineffective assistance of counsel claim, Fleetwood had to establish that: (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[9]   Although not insurmountable, the *Strickland* standard is highly demanding and subject to a "strong presumption that the representation was professionally reasonable."[10]  The defendant must also set forth and substantiate concrete allegations of actual prejudice.[11]

(9)     Fleetwood's ineffective assistance of counsel claims are conclusory and contradicted by the record.  He complains that his counsel failed to conduct a meaningful pretrial investigation and did not make timely objections, but fails to identify what his counsel should have investigated or objected to.  According to the affidavit of Fleetwood's counsel, an investigator interviewed potential witnesses. In addition, contrary to Fleetwood's contentions, his counsel challenged the testimony of State witnesses through cross-examination and developed a line of defense.

---

[9] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[10] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).
[11] *Younger v. State*, 580 A.2d 552, 556 (Del.1990).

5

Fleetwood did not establish that his counsel's representation fell below an objective standard of reasonableness or that there was a reasonable probability of a different outcome but for counsel's errors.

(10) Finally, the Superior Court did not err in denying Fleetwood's motion for appointment of counsel. Because Fleetwood was not convicted of a class A, B, or C felony, the Superior Court could only appoint counsel for him if it determined, among other things, that he stated a substantial claim of ineffective assistance of trial or appellate counsel.[12] The Superior Court did not err in finding Fleetwood did not do so.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[12] Super. Ct. Crim. R. 61(e).