IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRUCE ROWAN, | § | |
| | § | No. 249, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0910020105 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:   September 21, 2018
Decided:   December 10, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

(1)   The appellant, Bruce Rowan, filed this appeal from the Superior Court's April 13, 2018 order that adopted a Commissioner's report and recommendation[1] and denied Rowan's motion for postconviction relief. We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2)   Rowan was indicted on criminal charges, including fifteen counts of fourth degree rape, for having allegedly had sexual intercourse with a sixteen-year-old girl. Rowan also was indicted on charges that, after his December 2009 arraignment on the sexual offenses, he initiated telephone contact with the alleged

---

[1] 2017 WL 5665032 (Del. Super. Ct. Comm'r Nov. 21, 2017) (Report and Recommendation).

victim in violation of a no-contact order. After a four-day trial in 2010, a Superior Court jury convicted Rowan of one count of continuous sexual abuse of a child, five counts of fourth degree rape, and fifty-six counts of breach of condition of release. At sentencing, the Superior Court declared Rowan a habitual offender and sentenced him to a total of 120 years of unsuspended Level V incarceration. On direct appeal, we affirmed Rowan's convictions and sentence.[2]

(3) Rowan filed a timely motion for postconviction relief in 2013 and was appointed counsel. After reviewing the record and finding no ground for relief to advocate on behalf of Rowan, postconviction counsel filed a motion and supporting memorandum seeking leave to withdraw. Rowan filed a memorandum opposing his counsel's position that the record presented no grounds for relief. The Superior Court granted postconviction counsel's motion to withdraw and referred Rowan's *pro se* motion for postconviction relief to a Superior Court Commissioner for a report and recommendation.

(4) At the direction of the Commissioner, Rowan's trial counsel filed an affidavit responding to Rowan's allegations of ineffective assistance of counsel, the State filed a response to the postconviction motion, and Rowan filed a reply. Thereafter, the Commissioner issued a report recommending that the Superior Court

---

[2] *Rowan v. State*, 2012 WL 1795829 (Del. May 18, 2012).

should deny Rowan's postconviction motion as procedurally barred and without merit. Rowan filed objections to the report and recommendation. After reviewing the matter *de novo*, the Superior Court issued an order on April 13, 2018, adopting the report and recommendation and denying Rowan's postconviction motion.

(5)    On appeal, Rowan argues that the Superior Court should have granted him postconviction relief because (i) his trial counsel was ineffective for failing to request "a reasonable doubt instruction based upon fraudulent concealment" by the victim and her parents of the victim's age; (ii) neither the court nor his trial counsel advised him at the December 2009 arraignment that the previously-imposed no-contact order was still in effect; and (iii)  his sexual intercourse with the sixteen-year-old victim was lawful because he and the victim had "a spousal relationship." Rowan raised other claims in his postconviction motion, but he has not pursued those claims on appeal.[3]  We review the Superior Court's denial of postconviction relief for abuse of discretion and review questions of law *de novo*.[4]

(6)    Rowan was charged and convicted of fourth degree rape under 11 *Del. C.* § 770(a)(2), which provides:

(a)    A person is guilty of rape in the fourth degree when the person:

* * *

---

[3] *See Somerville v. State*, 703 A.2d 629, 631 (Del. 1997) (holding that claims raised in postconviction motion but not briefed on appeal were waived and abandoned).
[4] *Fleetwood v. State*, 2018 WL 4694189 (Del. Sept. 27, 2018) (citing *Claudio v. State*, 958 A.2d 846, 850 (Del. 2008)).

3

(2) Intentionally engages in sexual intercourse with another person, and the victim has not yet reached that victim's eighteenth birthday, and the person is 30 years of age or older, except that such intercourse shall not be unlawful if the victim and person are married at the time of such intercourse[.][5]

(7) In his postconviction motion, Rowan challenged his fourth degree rape convictions based on claims that the evidence at trial raised reasonable doubt of his guilt because the sixteen-year-old victim lied to him about her age—telling him that she was twenty-three—and her parents concealed her age from him as well. On appeal, Rowan recasts his "fraudulent concealment" claims as a claim of ineffective assistance of counsel.

(8) The Superior Court rejected Rowan's "fraudulent concealment" claims after determining that Rowan's belief that the victim was over the age of eighteen at the time of the sexual intercourse could not have provided a defense at trial. We find no abuse of discretion or error of law in the Superior Court's ruling and conclude, on appeal, that Rowan's ineffective counsel claim also is without merit. Rowan was convicted of fourth degree rape under 11 *Del. C.* § 770(a)(2), which required proof beyond a reasonable doubt that he (i) intentionally had sexual intercourse, (2) with the alleged victim who had not yet reached her eighteenth birthday, (3) when he was over the age of thirty. Because Rowan's knowledge of the victim's age was not an

---

[5] 11 *Del. C.* § 770(a)(2) (Supp. 2018).

4

element of the charges, his ignorance or mistake of the victim's age provided no defense to the charges.[6] Rowan was not prejudiced by his trial counsel's alleged failure[7] to advance a defense based on the alleged "fraudulent concealment" of the victim's age by the victim and her parents.[8]

(9) Rowan's second claim—that his breach of condition convictions should have been set aside—was raised on direct appeal and rejected.[9] The Superior Court barred the claim as formerly adjudicated. We find no error of law or abuse of discretion in that ruling and conclude that Rowan has not demonstrated on appeal why the claim should be revisited.

(10) Rowan's third claim on appeal is that his convictions should be set aside because, under the circumstances in his case, although he had sexual intercourse with the sixteen-year-old victim, his conduct should not be viewed as criminally culpable because he and the victim had a "spousal relationship" that was recognized and approved by members of their families, their community, and their church. Rowan's trial counsel raised the same claim in a motion to dismiss, which was

---

[6] 11 *Del. C.* § 454 (2010).
[7] Under *Strickland v. Washington,* 466 U.S. 668, 692, 694 (1984), to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's alleged error was prejudicial.
[8] *See, e.g., Brown v. State*, 74 A. 836, 841 (Del. 1909) (finding that statements of age made by the statutory rape victim and the defendant's reasonable belief about her age were "irrelevant and immaterial").
[9] *Supra* note 2, at **1–2.

5

denied, and when moving for a judgment of acquittal, which also was denied. In the postconviction proceedings, the Superior Court rejected the claim for the reasons articulated by the Commissioner, who concluded that "as much as Rowan may want to argue the point, the fact is that he and the victim were not legally married when the crimes were committed."[10] We find no error of law or abuse of discretion in that ruling and conclude that Rowan has not demonstrated on appeal why it should be overturned.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[10] *Supra* note 1, at *6.