IN THE SUPREME COURT OF THE STATE OF DELAWARE

BRANDON WYCHE, § 
§ 
Defendant Below, § No. 176, 2018
Appellant, § 
§ Court Below—Superior Court
v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID No. 1208026082A (N)
§ 
Plaintiff Below, § 
Appellee. § 

Submitted: November 16, 2018
Decided: January 17, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Brandon Wyche, filed this appeal from a Superior Court order denying his first motion for postconviction relief under Superior Court Criminal Rule 61.[1] We find no merit to Wyche's claims and affirm the Superior Court's judgment.

(2) On February 27, 2014, a Superior Court jury found Wyche guilty of Murder in the First Degree and Possession of a Firearm During the Commission of

---

[1] *State v. Wyche*, 2018 WL 1151931 (Del. Super. Ct. Mar. 5, 2018).

a Felony.[2]  The Superior Court sentenced Wyche to life imprisonment plus twenty-five years.  This Court affirmed Wyche's convictions on direct appeal, holding that the Superior Court did not err in admitting the out-of-court statement of a State witness (Carlyle Braithwaite), who was seventeen at the time of his statement, under 11 *Del. C.* § 3507.[3]  The Court described the facts leading to Wyche's convictions as follows:

> On March 12, 2011, BJ Merrell ("Merrell") shot Wyche in the head during a robbery.  Wyche recovered and Merrell was never charged in the shooting.  On August 30, 2012, Merrell was hanging out in a park, playing dice and basketball with Michael Newkirk, Carlyle Braithwaite, and Michelle Newkirk, Merrell's girlfriend.  Earlier that day, Wyche had driven up to Michael with a gun in his lap and told him that Michelle and Merrell had shot him and "they had to go."  During the dice game, Wyche and Kevann McCasline arrived at the park in McCasline's car, and Wyche walked over to the group in camouflage shorts and a black t-shirt.  Michael Newkirk testified that Wyche and Merrell began fighting and Wyche pulled out a gun.  Michelle Newkirk testified that she saw Wyche shoot Merrell, which is consistent with her statement given to police at the scene of the shooting. Merrell died as a result of the gunshot wound.  Wyche was apprehended near the scene not long after the shooting.  The police were not able to recover the weapon or any shell casings.

(3)    On July 28, 2015, Wyche filed a timely motion for postconviction relief and a motion for appointment of counsel under Superior Court Criminal Rule 61.  The Superior Court appointed postconviction counsel ("Postconviction

---

[2] This was Wyche's second trial.  His first trial ended in a mistrial after the jury was unable to reach a verdict.

[3] *Wyche v. State*, 113 A.3d 162 (Del. 2015).

2

Counsel") to represent Wyche. On March 10, 2017, Postconviction Counsel filed a motion to withdraw, stating that Wyche's claims were without merit and that there were no other potential meritorious grounds for relief. On July 24, 2017, Postconviction Counsel submitted Wyche's memorandum of law in support of his motion for postconviction relief. Wyche again argued that his counsel was ineffective for failing to: (i) prepare for trial; (ii) sufficiently advise him throughout the plea process; (iii) object to the introduction of evidence from the tainted Office of the Chief Medical Examiner or raise the issue on appeal; and (iv) inform him of incriminating videos the State intended to introduce at his second trial before he rejected the State's plea offer. Wyche also argued that: (i) his counsel failed "to constitutionalize claims"[4] and review the charges with him; (ii) jurors discussed the case with family members; (iii) Braithwaite's statement to the police was not voluntary and jurors should not have relied on it; (iv) a new trial should have been granted; and (v) he was not arraigned. In another document that does not appear on the Superior Court docket, Wyche argued that his counsel was ineffective for failing to raise a duress defense that would have resulted in a conviction for Manslaughter instead of Murder in the First Degree.

---

[4] Memorandum of Law in Support of Motion for Postconviction Relief, Cr. ID No. 1208026082A, D.I. 152.

(4) On September 12, 2017, Wyche's former counsel submitted an affidavit in response to his claims. On November 17, 2017, the State filed a response to the postconviction motion. On March 5, 2018, the Superior Court denied the postconviction motion. The Superior Court held that: (i) the juror misconduct claim was barred by Rule 61(i)(3) because it was not raised at trial or on appeal; (ii) the duress defense constituted a claim that Wyche should have been convicted of Manslaughter based on extreme emotional distress, which could have been argued on appeal and provided no basis for an ineffective assistance of counsel claim; (iii) the admissibility of Braithwaite's statement was barred by Rule 61(i)(4) because it was addressed by this Court on direct appeal; and (iv) Wyche failed to show his counsel's representation fell below an objective standard of reasonableness.[5] The Superior Court found Postconviction Counsel's motion to withdraw moot. This appeal followed. After Postconviction Counsel filed the notice of appeal, the Superior Court granted Postconviction Counsel's motion to withdraw.

(5) On appeal, Wyche argues that: (i) the Superior Court erred in failing to hold an evidentiary hearing to determine if he suffered prejudice as a result of two jurors discussing the case with outsiders during jury deliberations; (ii) counsel was ineffective for failing to raise the juror misconduct claim on direct appeal; and (iii)

---

[5] *State v. Wyche*, 2018 WL 1151931, at *2-3.

the Superior Court erred in granting Postconviction Counsel's motion to withdraw because Wyche was not competent to argue his claims and Postconviction Counsel should have asserted claims based on his counsel's failure to request a drug addict jury instruction, failure to raise questions regarding possible gunshot residue on his hands, and failure to present the truth at trial. Wyche does not raise any of the other issues he raised below and has therefore waived any challenge to the Superior Court's rulings on those issues.[6]

(6)    We review the Superior Court's denial of postconviction relief for abuse of discretion, although we review questions of law *de novo*.[7]    Both the Superior Court and this Court on appeal first must consider the procedural requirements of Rule 61 before considering the merits of any underlying postconviction claims.[8]    Applying the procedural requirements of Rule 61, the Superior Court did not err in finding that Wyche's juror misconduct claim was barred by Rule 61(i)(3). Rule 61(i)(3) bars any claim that was not asserted in the proceedings leading to the judgment of conviction unless the movant shows cause for relief from the procedural default and prejudice from a violation of the movant's rights.

---

[6] Del. Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[7] *Claudio v. State*, 958 A.2d 846, 850 (Del. 2008).

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

(7)     Wyche's claim of juror misconduct arises from two jurors' responses to questions that the Superior Court asked to determine whether the jurors had read a newspaper article about the case during jury deliberations.  The Superior Court conducted this inquiry after the verdict was announced and defense counsel informed the Superior Court of the article's existence.  None of the jurors had read the article, but two jurors stated that they were aware of it because their family members told them that they could not read the newspaper that day.  Those jurors further stated that they had no knowledge of the content of the article and the existence of the article did not have any influence on their deliberations.  After the Superior Court finished questioning the jurors, neither party requested any additional action.  The issue was not raised on appeal.

(8)     Wyche argues that the responses of the jurors shows that they violated the Superior Court's instruction not to discuss the case with friends or family members.  Wyche made no effort in the Superior Court proceedings to satisfy the cause and prejudice prongs of Rule 61(i)(3).  For the first time on appeal, he argues that his counsel was ineffective for failing to raise the juror misconduct claim on appeal and conclusorily asserts that the juror misconduct claim was stronger than the

Section 3507 claim raised on direct appeal. Absent plain error, which we do not find here, we will not consider this claim.[9]

(9) Finally, Wyche argues that the Superior Court erred in granting Postconviction Counsel's motion to withdraw because he was not competent to argue his claims and Postconviction Counsel should have asserted claims based on his counsel's failure to request a drug addict instruction (he claims three of the State witnesses used drugs), failure to raise questions regarding possible gunshot residue on his hands, which could have come from a police officer's jacket that was placed over his hands, and failure to present the truth at trial. The record does not support Wyche's contention that he was not competent to argue his postconviction claims. Wyche filed multiple postconviction motions that included record support and legal citations. We will not consider the new ineffective assistance of counsel claims that Wyche raises for the first time on appeal.[10] Having carefully considered the

---

[9] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."). Plain error is error that is apparent on the face of the record and is so fundamental and serious that it affected the outcome of the trial. *Roy v. State*, 62 A.3d 1183, 1191 (Del. 2012).

[10] *See supra* n.8. We note that: (i) Wyche identifies no legal basis for a drug addict jury instruction in addition to the standard credibility instruction; (ii) defense counsel extensively cross-examined the gunshot residue expert regarding the possibility that the particles on Wyche's hands could have come from a source other than a gun firing and argued in closing that the particles could have come from the police officer who arrested him, the police officer's car, or Wyche's cell; and (iii) Wyche provides no support for his conclusory claim that his counsel failed to argue the truth at trial.

arguments of the parties, we conclude that the Superior Court's denial of Wyche's motion for postconviction relief should be affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice